COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, McClanahan and Senior Judge Fitzpatrick
Argued by teleconference


JOSEPH MARIO SAPONARO
                                                            OPINION BY
v.        Record No. 2895-06-3            JUDGE ELIZABETH A. McCLANAHAN
                                                        JANUARY 15, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                        Malfourd W. Trumbo, Judge

        Thomas E. Wray for appellant.

        Karri B. Atwood, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Joseph Mario Saponaro was convicted in a bench trial for credit card fraud, in violation

of Code § 18.2-195.  On appeal, Saponaro argues the trial court erred in denying his motion to

strike the evidence.  For the following reasons, we reverse his conviction.

                                    BACKGROUND

        The relevant facts are undisputed.  Kenneth Weaver, a building contractor, employed

Saponaro as a subcontractor for a number of commercial contracts.  Weaver provided Saponaro

with a business credit card to make purchases for Weaver's construction business.  Saponaro was

in possession of the credit card for a period of approximately five months.  During that time

period, Saponaro charged several thousand dollars worth of personal items on the card, knowing

it was to be used for business purposes only.  On multiple occasions, Weaver confronted

Saponaro about his personal use of the card, which Weaver discovered from the monthly credit

card statements, and each time Saponaro agreed to reimburse Weaver for those purchases.

Weaver finally took the credit card from Saponaro and then terminated his employment.

Saponaro was indicted for credit card fraud under Code § 18.2-195. His indictment specifically charged that he "did unlawfully and feloniously obtain money, goods, or services in excess of $200.00 by representing without the consent of the cardholder that he is the holder of a specified card or card holder." At the end of his trial, Saponaro moved to strike the evidence against him, arguing the Commonwealth had failed to prove the elements of the offense. The trial court denied the motion, finding him guilty.

ANALYSIS

Because this case presents "a question of law . . . involv[ing] the interpretation and application" of Code § 18.2-195, "we review the trial court's judgment *de novo*." Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006); see Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) ("[W]e review the trial court's statutory interpretations and legal conclusions *de novo*." (internal quotation marks and citation omitted)). Code § 18.2-195 provides, in relevant part, as follows: "(1) A person is guilty of credit card fraud when, with intent to defraud any person, he: . . . (b) Obtains money, goods, services or anything else of value by representing (i) without the consent of the cardholder that he is the holder of a specified card or credit card number . . . ." "Cardholder" is defined as "the person or organization named on the face of a credit card to whom or for whose benefit the credit card is issued by an issuer." Code § 18.2-191. No definition is provided for the term "holder."

In this case, it is undisputed Saponaro had the consent of the cardholder (Weaver) to hold the credit card during the entire period he was making his personal purchases on the card. The Commonwealth nevertheless argues that Saponaro violated Code § 18.2-195(1)(b)(i) because he only had Weaver's consent to use the card for business purposes. While that is correct, this provision does not proscribe in any way an accused's use of a credit card that he holds with the cardholder's consent. Because the statute does not define "holder," we must give word its

- 2 -

"ordinary meaning unless the word is a term of art." Conkling v. Commonwealth, 45 Va. App. 518, 521, 612 S.E.2d 235, 237 (2005) (citation and internal quotation marks omitted). A "holder" is generally defined as "[o]ne that holds as: . . . [o]ne that possesses something." American Heritage College Dictionary 647 (3rd ed. 1997). Similarly, as a term of art under the Uniform Commercial Code, "holder" means a "person in possession" of either a negotiable instrument or a negotiable tangible document of title. Code § 8.1A-201(21)(A) and (B); see also Code § 8.3A-404.[1] We thus conclude that a "holder" under Code § 18.2-195(1)(b)(i) simply refers to one in possession of the cardholder's credit card. Accordingly, the threshold issue under this provision is whether Saponaro, when engaged in the subject transactions, had the cardholder's consent to possess the card. The fact that Saponaro had such consent is, therefore, dispositive.

Indeed, Code § 18.2-195(1)(b)(i) does not specifically address the actual use of a credit card, but rather one's representation regarding his or her status as a holder of the card or card number when "[o]btaining," by whatever means, "money, goods, services or anything else of value." It is subsection (1)(a) of the statute which, in fact, addresses credit card fraud where one "[u]ses [a credit card or credit card number] for the purpose of obtaining money, goods, services or anything else of value." Code § 18.2-195(1)(a). There, such use is a crime if the card or card

---

[1] Code § 8.3A-404, addressing "impostors" and "fictitious payees," further confirms that no specific legal parameters can be ascribed, for purposes of this case, to the term "holder," in looking to the UCC for guidance, other than it being a reference to one in possession of the subject item. Under certain circumstances involving the misuse of a commercial instrument, as set forth under subsection (b) of this statute, the "holder" is simply defined as "[a]ny person in possession of the instrument." Code § 8.3A-404(b)(1). As then explained in Official Comment 2 to subsection (b), the holder may be lawfully or wrongly in possession of the subject instrument. As an example, a "Thief" may be the "holder" of an instrument, e.g., a forged check, "because Thief is the person in possession of the instrument . . . even though Thief does not have title to the check and is in wrongful possession of it." Then a depository bank "that takes the check in good faith" becomes the "holder" of the same check. Official Comment 2 to Code § 8.3A-404 (Case #4).

number was "obtained or retained in violation of § 18.2-192 [credit card theft]," or the user "knows" the card or number "is expired or revoked." Id.

Furthermore, one's misuse of a credit card lawfully possessed (see Code § 18.2-111 (embezzlement)), as in the instant case, is distinct from one's misuse of a credit card wrongfully in his or her possession, which is the focus of Code § 18.2-195(1)(a) and (b). The Commonwealth contends that the former, as well as the latter, is a criminal act under subsection (1)(b)(i) of the statute. However, the Commonwealth conceded at oral argument that its interpretation of this provision would require us to read words into the statute such that the "holder" is holding the credit card "for a specific purpose." In other words, the Commonwealth would have us rule that credit card fraud occurs under this provision where the cardholder gives his or her consent for the accused to use the card only for a specific, limited purpose, and the accused violates that limitation. This we cannot do. That is to say, "'[c]ourts cannot read into a statute something that is not within the manifest intention of the legislature as gathered from the statute itself. To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret.'" Stevens v. Commonwealth, 46 Va. App. 234, 245, 616 S.E.2d 754, 759 (2005) (*en banc*) (quoting Jordan v. South Boston, 138 Va. 838, 844-45, 122 S.E. 265, 267 (1924)), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006).

The trial court thus erred in denying Saponaro's motion to strike the evidence at the end of his trial as the Commonwealth failed to prove the charge against him under Code § 18.2-195(1)(b)(i).

For these reasons, we reverse Saponaro's conviction.

Reversed and final judgment.