COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


NYAL LEE CLINE, III

OPINION BY
v.        Record No. 2563-07-3        JUDGE ELIZABETH A. McCLANAHAN
APRIL 21, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
Charles B. Flannagan, III, Judge Designate

Wanda Phillips Yoder for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Nyal Lee Cline, III, assaulted and battered a special agent with the Virginia Department

of Alcoholic Beverage Control (ABC).  A jury convicted Cline of felony assault and battery of a

law-enforcement officer, in violation of Code § 18.2-57(C).  On appeal, Cline argues that the

ABC agent was not a law-enforcement officer as defined under subsection E of the statute and,

he was, therefore, guilty of only simple assault and battery, a Class 1 misdemeanor.  See Code

§ 18.2-57(A).  We agree, reverse the conviction, and remand for resentencing on the

lesser-included offense of simple assault and battery.

ANALYSIS

Code § 18.2-57(C) makes it a Class 6 felony to commit "an assault and battery against

another knowing or having reason to know that such other person is . . . a law-enforcement

officer as defined hereinafter . . . ."  Under subsection E of the statute, "law-enforcement officer"

is defined as:

any full-time or part-time employee of a police department or sheriff's office which is part of or administered by the Commonwealth or any political subdivision thereof, who is responsible for the prevention or detection of crime and the enforcement of the penal, traffic or highway laws of this Commonwealth, any conservation officer of the Department of Conservation and Recreation commissioned pursuant to § 10.1-115, conservation police officers appointed pursuant to § 29.1-200, and full-time sworn members of the enforcement division of the Department of Motor Vehicles appointed pursuant to § 46.2-217, and such officer also includes jail officers in local and regional correctional facilities, all deputy sheriffs, whether assigned to law-enforcement duties, court services or local jail responsibilities, auxiliary police officers appointed or provided for pursuant to §§ 15.2-1731 and 15.2-1733 and auxiliary deputy sheriffs appointed pursuant to § 15.2-1603.

Code § 18.2-57(E).

ABC agents are not specifically included in this list defining "law-enforcement officer" under Code § 18.2-57(E). Whether this provision nevertheless applies to ABC agents by virtue of statutory interpretation presents a pure question of law, which we review *de novo*. Harris v. Commonwealth, 274 Va. 409, 413, 650 S.E.2d 89, 90 (2007); Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006); Saponaro v. Commonwealth, 51 Va. App. 149, 151, 655 S.E.2d 49, 50 (2008).

Our construction of Code § 18.2-57(E) is governed by the principles enunciated in South v. Commonwealth, 47 Va. App. 247, 623 S.E.2d 419 (2005), rev'd in part on other grounds, 272 Va. 1, 630 S.E.2d 318 (2006). In South, the question was whether the provision applied to federal police officers employed by the United States Navy. Concluding that it was not applicable, we held that, "[i]f a victim does not fit within one of the listed categories," i.e., police department or sheriff's office employees, conservation officers, game wardens, jail officers, deputy sheriffs, and auxiliary officers, then "the statute does not apply." Id. at 251, 623 S.E.2d at 420 (citing Code § 18.2-57(E)). This holding in South was based on the "'fundamental principle of statutory construction that *expressio unius est exclusio alterius*, or "where a statute speaks in

- 2 -

specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute.”’” Id. at 251, 623 S.E.2d at 421 (quoting Conkling v. Commonwealth, 45 Va. App. 518, 522, 612 S.E.2d 235, 237 (2005) (quoting Commonwealth v. Brown, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000))).

Evidence of the specific categories of law-enforcement officers included in Code § 18.2-57(E) and, by implication, those omitted, is abundant in the numerous amendments to the statute since its inception. Not included in the list recited in South are members of the enforcement division of the Virginia Department of Motor Vehicles, which were added to subsection E by amendment in 2008. The DMV officers, like a number of other categories of officers listed in subsection E, were added incrementally by amendments to the statute. See, e.g., 2008 Va. Acts, ch. 460 (added DMV enforcement division); 2007 Va. Acts, ch. 87 (“conservation police officers” substituted for “game wardens”); 2000 Va. Acts, ch. 288 (added “game wardens,” “jail officers,” and “deputy sheriffs”). Because ABC agents are not expressly included in the definition of a law-enforcement officer in Code § 18.2-57(E) as a particular class of victim for purposes of enhanced punishment, we are thus compelled to hold that this provision is inapplicable as to ABC agents.

In doing so, we must reject the Commonwealth’s argument that ABC agents constitute “employee[s] of a police department” under Code § 18.2-57(E) because the agents are “vested [ ] with like power to enforce the provisions of . . . the criminal laws of the Commonwealth as is vested in the chief law-enforcement officer of a county, city, or town” under Code § 4.1-105. Law-enforcement powers similar to those granted to ABC agents under Code § 4.1-105 are also granted to DMV officers under Code § 46.2-217 (vesting DMV officers with “the power of sheriffs for the purpose of enforcing the laws of the Commonwealth which the [DMV] Commissioner is required to enforce”) and to certain conservation officers under Code

§ 10.1-115 (vesting "special conservation officers [with] the same authority and powers as sheriffs throughout the Commonwealth to enforce the laws of the Commonwealth").  Yet, the General Assembly deemed it necessary to specifically list DMV officers and conservation officers within the definition of a "law-enforcement officer" in Code § 18.2-57(E), while excluding ABC agents.  The General Assembly also deemed it necessary to specifically list ABC agents (along with DMV officers and conservation officers, among others) within the definition of a "law-enforcement officer" under Code § 9.1-101, for purposes of Title 9.1, Chapter 1 of the Code (governing the Commonwealth's Department of Criminal Justice Services) and Title 19.2, Chapter 23 of the Code (governing the Commonwealth's Central Criminal Records Exchange).  And Code § 9.1-101, like Code § 18.2-57(E), identifies an "employee of a police department" within the Commonwealth separate and apart from the other categories of officers listed within its definition of a "law-enforcement officer."

We also must reject the Commonwealth's argument that, with the law-enforcement powers granted to ABC agents under Code § 4.1-105, the definition of a "law-enforcement officer" under Code § 18.2-57(E) should be applied to ABC agents on policy grounds.  As we explained in South, in rejecting similar policy arguments for including the federal police officers within the purview of Code § 18.2-57(E), "when a statutory text speaks clearly on a subject, 'effect must be given to it regardless of what courts think of its wisdom or policy.'"  South, 47 Va. App. at 251, 623 S.E.2d at 421 (quoting Temple v. City of Petersburg, 182 Va. 418, 423, 29 S.E.2d 357, 358 (1944)).  Similarly, "[w]e may not extend the meaning of the statute . . . '"upon the speculation that, if the legislature had thought of it, very likely broader words would have been used."'"  Id. (quoting Franklin & Pittsylvania Ry. Co. v. Shoemaker, 156 Va. 619, 624, 159 S.E. 100, 102 (1931) (quoting McBoyle v. United States, 283 U.S. 25, 27 (1931))).  Rather, this Court "'must determine the legislative intent by what the statute says and not what we think it

- 4 -

should have said.'" Id. at 252, 623 S.E.2d at 421 (quoting Carter v. Nelms, 204 Va. 338, 346, 131 S.E.2d 401, 406 (1963)). See also Missouri v. Jenkins, 515 U.S. 70, 133 (1995) (Thomas, J., concurring) ("As Alexander Hamilton explained the limited authority of the federal courts: 'The courts must declare the sense of the law; and if they should be disposed to exercise WILL instead of JUDGMENT, the consequence would equally be the substitution of their pleasure to that of the legislative body.'" (quoting The Federalist No. 78, at 526 (J. Cooke ed. 1961))).

Thus, the fact that the legislature granted ABC agents enforcement powers equal to local law-enforcement officers does not mean we can conclude, as a matter of statutory construction, that the legislature intended ABC agents to constitute law-enforcement officers for purposes of Code § 18.2-57(E). The specific wording of the statute, the incremental amendments to the statute, our case law construing the statute in other contexts, and the implication of other related statutes, all negate our finding such intent.

## CONCLUSION

We reverse Cline's conviction for felony assault and battery of a law-enforcement officer under Code § 18.2-57. Because the parties have agreed that, in the event of such disposition, the case should be remanded to the trial court for imposition of a new sentence on the lesser-included offense of simple assault and battery under Code § 18.2-57, a misdemeanor, we so remand the case to the trial court for that purpose. See Britt v. Commonwealth, 276 Va. 569, 576, 667 S.E.2d 763, 767-68 (2008); Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318, 319 (2006).

Reversed and remanded.