COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Felton, Judges Alston and Chafin
Argued at Salem, Virginia

RITA FAY DARBY

MEMORANDUM OPINION[*] BY
v.      Record No. 1295-13-3          CHIEF JUDGE WALTER S. FELTON, JR.
                                      MAY 20, 2014
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
William N. Alexander, II, Judge

Jason S. Eisner, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Rita Fay Darby ("appellant") appeals her conviction of credit card fraud, in violation of

Code § 18.2-195, following a bench trial in the Circuit Court of the City of Danville ("trial court").[1]

Appellant asserts that her use of a credit card account that she opened in her former husband's

name, without his knowledge or permission, did not constitute credit card fraud because at the

time she made the fraudulent application for credit, she listed herself as the authorized user of the

account.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also pled guilty and was convicted of identity theft, in violation of Code
§ 18.2-186.3. Appellant does not contest that conviction on appeal.

## I.  BACKGROUND

In August 2012, appellant used the identifying information of her former husband, Roy Darby ("Roy"), without his knowledge or consent, to secure a Capital One credit card in his name.[2] At the time she applied for the Capitol One credit card in her former husband's name, appellant named herself as an authorized user of the credit card account. Roy had no knowledge that appellant opened the credit card account, and he did not consent to her being listed as an authorized user of any account opened in his name. Appellant and Roy had dissolved the last of their joint accounts eight years earlier in 2004, and Roy did not add appellant as an authorized user to any of his accounts in August 2012.[3]

From August 23 through 25, 2012, appellant used Roy's credit card account to obtain $408.21 worth of goods and services in the City of Danville.[4]

By letter dated August 19, 2012, the Capital One Customer Fraud Protection unit advised Roy that "a possible fraudulent Capitol One account . . . ha[d] recently been opened using some or all of [his] personal information."

On October 31, 2012, appellant volunteered to speak with Investigator Jeremy Williams of the Danville Police Department. Appellant admitted to Investigator Williams that she opened a Capitol One credit card account using her former husband's identifying information, without his knowledge or permission. In the written statement she provided to Investigator Williams, appellant stated that she opened a "joint account" with Roy. She admitted that she did not have

---

[2] Among other things, appellant provided Capitol One with Roy's name, social security number, date of birth, and annual gross income in order to open the credit card account.

[3] At appellant's trial on May 16, 2013, Roy testified that he and appellant were divorced and that the couple had been separated for one and a half years.

[4] According to Capitol One records introduced at trial, appellant also used the fraudulently obtained credit card account to obtain additional goods and services in other locations.

Roy's permission to open the account, but stated inexplicably that she "did not know [she] had to have [her] husband[']s permission to obtain the card." Appellant professed that she did not know she had done "anything wrong."

In December 2012, Roy sent a text message to appellant, asking how many credit cards she had opened in his name. Appellant responded via text message that she opened "[one] credit card and it was me so I could move in my apartment and rent a truck and move out of my moms [sic]."

At trial on May 16, 2013, appellant pled guilty to the indictment charging her with identity theft, in violation of Code § 18.2-186.3. She pled not guilty to the indictment charging that she had committed credit card fraud by using "a Capital One credit card issued in the name of Roy Darby," in violation of Code § 18.2-195. The trial court admitted a written stipulation of facts, agreed upon by appellant and the Commonwealth. The written stipulation provided, *inter alia*, that Roy's identifying information was used to open a Capitol One credit card account. The stipulation provided that appellant "was made an authorized user" of the account.

At the conclusion of the Commonwealth's case, appellant moved to strike the Commonwealth's evidence. She asserted that she "was an authorized user of [the Capitol One credit] card and her conduct in using th[e] card [was] identity theft." She contended that her use of the credit card account she fraudulently opened in Roy's name did not violate Code § 18.2-195, the credit card fraud statute, because she listed herself as an authorized user of the credit card at the time she made the fraudulent application for credit.[5]

The court rejected appellant's argument and convicted her of credit card fraud, in violation of Code § 18.2-195, and identify theft, in violation of Code § 18.2-186.3. The trial

---

[5] Appellant did not present any evidence on her behalf at trial.

court sentenced appellant to four years' imprisonment, with all four years suspended, and eighteen months' supervised probation.

## II. ANALYSIS

Appellant argues that the trial court erred by finding that the Commonwealth presented sufficient evidence to sustain her conviction of credit card fraud, in violation of Code § 18.2-195. She asserts that she did not commit credit card fraud because the Capitol One credit card "was *issued to her*, albeit as a result of her fraudulent misrepresentation." Appellant's Br. at 7. She contends that, while her fraudulent misrepresentation to obtain the Capitol One credit card constituted identity theft, in violation of Code § 18.2-186.3, her subsequent use of a credit card "issued to her" did not constitute credit card fraud, in violation of Code § 18.2-195.

"When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). The issue on appeal is "whether the record contains evidence from which any 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

To the extent that appellant's assignment of trial court error "presents 'a question of law . . . involv[ing] the interpretation and application' of Code § 18.2-195," the Court reviews "'the trial court's judgment *de novo*.'" Saponaro v. Commonwealth, 51 Va. App. 149, 150-51, 655 S.E.2d 49, 50 (2008) (quoting Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006)).

Code § 18.2-195 provides, in pertinent part:

> (1) A person is guilty of credit card fraud when, with intent to defraud any person, he:

- 4 -

      \*  \*  \*  \*  \*  \*  \*

      (b) Obtains money, goods, services or anything else of value by representing (i) without the consent of the cardholder that he is the holder of a specified card or credit card number . . . .

Code § 18.2-191 defines "cardholder" as "the person or organization named on the face of a credit card to whom or for whose benefit the credit card is issued by an issuer."

Appellant asserts that, as an authorized user of the Capitol One credit card account she procured by fraud, she was the "holder" of the card. Appellant's Br. at 7. She asserts that, despite having fraudulently attained her status as an authorized user of the credit card, she nonetheless did not violate Code § 18.2-195 because she was, in fact, a "holder" of the account at the time she used the account to obtain goods and services. Id.

In Saponaro, 51 Va. App. 149, 655 S.E.2d 49, this Court reversed the defendant's conviction of credit card fraud, in violation of Code § 18.2-195. Saponaro's employer had provided him with a business credit card to make purchases for the employer. During a five-month period, Saponaro charged thousands of dollars' worth of personal items to the credit card, despite knowing that the card was to be used for business purposes only. In reversing Saponaro's conviction of credit card fraud, this Court noted that it was "undisputed [that] Saponaro had the consent of the cardholder ([employer]) to hold the credit card during the entire period he was making his personal purchases on the card." Id. at 151, 655 S.E.2d at 50. The Court identified the "threshold issue" as "whether Saponaro, when engaged in the subject transactions, had the cardholder's consent to possess the card. The fact that Saponaro had such consent is . . . dispositive." Id. at 152, 655 S.E.2d at 50. The Court held that the focus of Code § 18.2-195, and the crime of credit card fraud, is an individual's "misuse of a credit card wrongfully in his or her possession," rather than an individual's "use of a credit card that he holds with the cardholder's consent." Id. at 151-52, 655 S.E.2d at 50-51.

In a case decided more than two years after its decision in Saponaro, this Court affirmed convictions of credit card fraud in Kovalaske v. Commonwealth, 56 Va. App. 224, 692 S.E.2d 641 (2010). In Kovalaske, the accused had permission from his employer to use a company credit card on only two occasions. However, Kovalaske made unauthorized purchases with the credit card on occasions when he did not have permission from his employer to use the credit card. In affirming his convictions of credit card fraud, the Court held that, unlike Saponaro, Kovalaske "did not misuse his employer's credit card while it was in his lawful possession; [Kovalaske] misused [the employer's] credit card while it was in his *wrongful possession*." Id. at 232-33, 692 S.E.2d at 646. Kovalaske's wrongful possession of the credit card was dispositive in this Court's decision affirming his convictions of credit card fraud.

Here, appellant concedes that she obtained the Capitol One credit card "as a result of her fraudulent misrepresentation." Appellant's Br. at 7. She affirmed in her text message exchange with Roy that she opened the Capitol One credit card in his name, and she admitted to Investigator Williams that she did not have Roy's permission to open the Capitol One account. Roy testified that he had no knowledge of the account and did not give permission to appellant to open or to use any credit card accounts issued in his name. For her part, appellant inexplicably asserted in her written statement to police that she did not know she needed Roy's permission to open an account in his name. Beyond appellant's self-serving statements, which the trial court as fact finder rejected,[6] there was more than sufficient evidence presented at trial to establish that appellant misused the fraudulently obtained Capitol One credit card, issued in her former husband's name, while the card was in her wrongful possession. Kovalaske, 56 Va. App. at 232-33, 692 S.E.2d at 646.

---

[6] "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused [was] lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

## III.  CONCLUSION

The evidence presented at trial was sufficient to prove beyond a reasonable doubt that appellant wrongfully acquired, possessed, and misused a credit card issued in Roy's name, without Roy's knowledge or consent.  Accordingly, the trial court did not err by convicting appellant of credit card fraud, in violation of Code § 18.2-195.

Affirmed.