COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia


DONNA MARIE PORTER

                                                          OPINION BY
v.       Record No. 1374-14-2                   JUDGE ROSSIE D. ALSTON, JR.
                                                      NOVEMBER 17, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

Ronald Hur, Senior Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Donna Marie Porter (appellant) appeals the trial court's finding that she was in contempt

of court for violating Code § 19.2-358.  On appeal, appellant argues that the trial court erred "by

holding the order of April 17, 2008, obligating Appellant to pay restitution was enforceable

pursuant to Code § 19.2-358 despite the fact that the restitution order was issued pursuant to

Code § 19.2-305.1 and not Code § 19.2-354 as required by Code § 19.2-358" and "in ruling that

the charge of contempt pursuant to Code § 19.2-358 was not time-barred pursuant to Code

§ 19.2-8 which states that the statute of limitations on misdemeanors is one year even though the

order obligating Appellant to pay restitution expired on April 17, 2012."  We disagree and

therefore affirm appellant's conviction.

I.  Background

On April 17, 2008, appellant pled guilty to receiving stolen property in violation of Code

§ 18.2-108 and the trial court sentenced her to six months in jail with all six months suspended.

As part of the sentencing, appellant presented a restitution plan acknowledging that she was to

pay $2,500 in restitution at a rate of $25 per month beginning May 15, 2008. Though the restitution plan did not specifically so state, the parties agreed that appellant was jointly and severally liable for the full amount of restitution with her six co-defendants listed on the plan. The restitution plan signed by appellant specified that it was "filed with the Court in accordance with Code § 19.2-305.1,"[1] and it was also referenced and incorporated into the trial court's sentencing order as one of several terms and conditions of appellant's suspended sentence.

---

[1] Code § 19.2-305.1 "Restitution for property damage or loss; community service" provides in part:

> A. Notwithstanding any other provision of law, no person convicted of a crime in violation of any provision in Title 18.2, which resulted in property damage or loss, shall be placed on probation or have his sentence suspended unless such person shall make at least partial restitution for such property damage or loss, or shall be compelled to perform community services, or both, or shall submit a plan for doing that which appears to the court to be feasible under the circumstances.

> B. Notwithstanding any other provision of law, any person . . . convicted of, a crime in violation of any provision in Title 18.2 shall make at least partial restitution for any property damage or loss caused by the crime . . . and, if the court so orders, shall submit a plan for doing that which appears to be feasible to the court under the circumstances.

>  . . . .

> C. At or before the time of sentencing, the court shall receive and consider any plan for making restitution submitted by the defendant. . . . If the court finds such plan to be reasonable and practical under the circumstances, it may consider probation or suspension of whatever portion of the sentence that it deems appropriate. By order of the court incorporating the defendant's plan or a reasonable and practical plan devised by the court, the defendant shall make restitution while he is free on probation or work release or following his release from confinement.

> D. At the time of sentencing, the court shall determine the amount to be repaid by the defendant and the terms and conditions thereof. . . . The court shall include such findings in the judgment order.

On February 4, 2014, the Commonwealth moved the trial court to issue a show cause order to appellant for failure to pay restitution in accordance with her plan. At that point, appellant had only made two payments toward the restitution owed: $50 on July 8, 2009, and $400 on July 5, 2011.

On June 27, 2014, a show cause hearing was held wherein appellant was brought before the trial court on a rule to show cause pursuant to Code § 19.2-306.[2] The Commonwealth alleged that appellant violated one of the provisions of her suspended sentence by not paying restitution as ordered by the trial court on April 17, 2008. During the hearing, the Commonwealth conceded that a proceeding pursuant to Code § 19.2-306 was time-barred as the period of good behavior on the underlying sentencing order expired on April 17, 2011, and the

---

E. Unreasonable failure to execute the plan by the defendant shall result in revocation of the probation or imposition of the suspended sentence. A hearing shall be held in accordance with the provisions of this Code relating to revocation of probation or imposition of a suspended sentence before either such action is taken.

[2] Code § 19.2-306 "Revocation of suspension of sentence and probation" provides in part:

A. In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.

B. The court may not conduct a hearing to revoke the suspension of sentence unless the court, within one year after the expiration of the period of probation or the period of suspension, issues process to notify the accused or to compel his appearance before the court. If neither a probation period nor a period of suspension was fixed by the court, then the court shall issue process within one year after the expiration of the maximum period for which the defendant might originally have been sentenced to be incarcerated.

order to show cause had not issued within one year of the expiration of the period of good behavior as required by Code § 19.2-306(B). Therefore, the Commonwealth moved the trial court to amend the show cause order to charge appellant under a theory of either indirect common law contempt, punishable as a Class 1 misdemeanor, or a violation of Code § 19.2-358,[3] punishable by confinement for not more than 60 days or a fine not exceeding $500. Appellant did not object to the motion, and the trial court allowed the amendment. During the hearing, the Commonwealth presented evidence of the original conviction order and the restitution plan, pursuant to which appellant still owed $1,550 as of June 27, 2014. Appellant did not challenge the admissibility of the evidence.

---

[3] Code § 19.2-358 "Procedure on default in deferred payment or installment payment of fine, costs, forfeiture, restitution or penalty" provides in part:

> A. When an individual obligated to pay . . . restitution . . . defaults in the payment or any installment payment, the court upon the motion of the Commonwealth in the case . . . or upon its own motion, may require him to show cause why he should not be confined in jail or fined for nonpayment. A show cause proceeding shall not be required prior to issuance of a capias if an order to appear on a date certain in the event of nonpayment was issued pursuant to subsection A of § 19.2-354 and the defendant failed to appear.
>
> B. Following the order to show cause or following a capias issued for a defendant's failure to comply with a court order to appear issued pursuant to subsection A of § 19.2-354, unless the defendant shows that his default was not attributable to an intentional refusal to obey the sentence of the court, or not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment, or unless the defendant shows that any failure to appear was not attributable to an intentional refusal to obey the order of the court, the court may order the defendant confined as for a contempt for a term not to exceed sixty days or impose a fine not to exceed $ 500. The court may provide in its order that payment or satisfaction of the amounts in default at any time will entitle the defendant to his release from such confinement or, after entering the order, may at any time reduce the sentence for good cause shown, including payment or satisfaction of such amounts.

After the close of the Commonwealth's case, appellant presented a motion to strike and argued that the Commonwealth failed to present any evidence of an order authorizing restitution to be paid on an installment plan separate from her sentencing order or that notice was provided to appellant that her failure to pay could result in contempt and a possible jail sentence. Appellant also argued that an allegation of misdemeanor indirect contempt was time-barred pursuant to Code § 19.2-8, which states that "prosecution for a misdemeanor, or any pecuniary fine, forfeiture, penalty or amercement, shall be commenced within one year next after there was cause therefor." Consequently, appellant argued that she could no longer be prosecuted for failure to pay restitution pursuant to the restitution plan because the case was not brought within one year of April 17, 2011, the date her probation ended. Finally, appellant argued that the Commonwealth's only enforcement mechanism for appellant's compliance with her restitution plan was Code § 19.2-306, because the original sentencing order specifically conditioned the suspension of her sentence on payment of restitution in accordance with the restitution plan. According to appellant, the restitution plan merely referenced Code § 19.2-305.1, not Code § 19.2-354 or Code § 19.2-358, and therefore, under appellant's theory of the case, the Commonwealth's only remedy was limited to that specified in Code § 19.2-305.1, which in turn referred only to a proceeding under Code § 19.2-306.

In response, the Commonwealth argued that Code § 19.2-358 did not require a separate court order be entered pursuant to Code § 19.2-354 and that Code § 19.2-358 only required an obligation to pay restitution, which appellant failed to do pursuant to the April 17, 2008 sentencing order. Therefore, according to the Commonwealth, it should not be barred from bringing a show cause for failure to pay restitution under Code § 19.2-358.

The trial court denied appellant's motion to strike and found her in violation of Code § 19.2-358. The trial court further held that a separate court order pursuant to Code § 19.2-354

was not necessary and that any court order obligating appellant to pay restitution brought her under the purview of Code § 19.2-358. On July 9, 2014, the trial court entered a new sentencing order requiring appellant to enter an amended restitution plan to pay $100 per month starting July 1, 2014, until the total outstanding amount of $1,550 was paid in full. This appeal followed.

## II. Analysis

### A. Standard of Review

We review the trial court's interpretation of statutes *de novo*. Saponaro v. Commonwealth, 51 Va. App. 149, 151, 655 S.E.2d 49, 50 (2008). "When the language of a statute is clear and unambiguous, [this Court is] bound by the plain meaning of that language." Vaughn, Inc. v. Beck, 262 Va. 673, 677, 554 S.E.2d 88, 90 (2001). To determine whether there is any ambiguity in a statute, appellate courts read the statute "in its entirety, rather than by isolating particular words or phrases." Shelor Motor Co. v. Miller, 261 Va. 473, 479, 544 S.E.2d 345, 348 (2001).

### B. Restitution as a Freestanding Obligation Pursuant to Code § 19.2-358

Appellant first challenges the trial court's determination that the sentencing order of April 17, 2008, obligating appellant to pay restitution, was enforceable pursuant to Code § 19.2-358 despite the fact that the restitution order was issued pursuant to Code § 19.2-305.1 and not Code § 19.2-354. Specifically, appellant argues that the Commonwealth failed to present any evidence of a separate order authorizing restitution to be paid on an installment plan or that appropriate notice was provided to appellant that her failure to pay restitution could result in contempt and a possible jail sentence. Therefore, according to appellant the Commonwealth's only remedy for her failure to pay restitution was under Code § 19.2-306 because the original sentencing order specifically conditioned the suspension of the sentence on payment of restitution in accordance with the restitution plan.

We disagree with appellant's reading of the relevant Code sections. It is clear from a plain reading of the applicable statutes that compliance with a restitution plan may be enforceable through Code § 19.2-306, if incorporated into a sentencing order as a condition of a suspended sentence (as it was in the present case), or it may be enforceable through Code § 19.2-358, regardless of whether the restitution plan stated that it was entered into pursuant to Code § 19.2-354. The enforcement mechanisms of Code § 19.2-306 and Code § 19.2-358 are not mutually exclusive.

The Commonwealth conceded that it could not enforce the restitution plan through Code § 19.2-306 in 2014 as appellant's probation ended in 2011 and Code § 19.2-306 requires that a show cause order be brought "within one year after the expiration of the period of probation or the period of suspension." However, contrary to appellant's assertions, despite the fact that her probation expired in 2011, rendering enforcement of the restitution plan through Code § 19.2-306 untenable, the restitution plan remained enforceable through Code § 19.2-358.

Appellant argues that for Code § 19.2-358 to be applicable, a restitution plan must be particularly undertaken pursuant to Code § 19.2-354. We disagree. The language of Code § 19.2-358 is most clear and provides that "[w]hen an individual obligated to pay . . . restitution . . . defaults in the payment or any installment payment, the court upon the motion of the Commonwealth in the case . . . or upon its own motion, may require him to show cause why he should not be confined in jail or fined for nonpayment." Code § 19.2-358 plainly applies to any payment or installment payment plans, not only those entered pursuant to Code § 19.2-354.

The two separate statutory enforcement mechanisms for accomplishing compliance with a restitution obligation grant a trial court the authority to impose a duty to pay restitution as an express condition of a suspended sentence, either with or without a term of probation, *and* a duty to pay restitution as a freestanding legal obligation uncoupled to any particular sentence. See

Code § 19.2-305.1(A) and (B). In this case, appellant's restitution plan merely stated that it was filed with the trial court in accordance with Code § 19.2-305.1 (as a statutory precondition for the authority of the trial court to impose a suspended sentence), it did not specifically state if it was pursuant to subsection (A) or (B). Therefore, in denying the motions to strike and finding appellant in violation of Code § 19.2-358, the trial court in this case concluded that a separate court order for restitution pursuant to Code § 19.2-354 was not necessary and that any court order obligating appellant to pay restitution brought her under the purview of Code § 19.2-358, as the obligation to pay restitution constituted a duty independent of her suspended sentence. We yield to the trial court's interpretation of its own order as "it is a well-established principle in our jurisprudence that circuit courts have the authority to interpret their own orders." Upper Occoquan Sewage Auth. v. Blake Constr. Co., 275 Va. 41, 61, 655 S.E.2d 10, 21 (2008).

For these reasons, we agree with the trial court and hold that the sentencing order requiring appellant to pay restitution constituted both a condition of her suspended sentence and a freestanding obligation to pay restitution. In the case of appellant's failure to pay restitution, the Commonwealth was authorized to enforce the order under Code § 19.2-358.[4]

## C. Statute of Limitations

Next, appellant challenges the trial court's ruling that the charge of contempt pursuant to Code § 19.2-358 was not time-barred by Code § 19.2-8, which provides that "prosecution for a

_____

[4] Appellant also argues that the trial court erred by finding her in violation of Code § 19.2-358 because she was not provided with any notice that her failure to pay could result in her being found in contempt or possibly sentenced to a period of incarceration. Appellant asserts that the restitution plan's reference to Code § 19.2-305.1 was insufficient to provide her with the requisite notice of possible punishments under Code § 19.2-358. We disagree. Code § 19.2-358 clearly applies whenever a defendant obligated to pay restitution defaults on that obligation. Such was the case here, and "all who are subject to the law are presumed to know what the law requires and to conduct themselves accordingly." Barson v. Commonwealth, 284 Va. 67, 79, 726 S.E.2d 292, 298 (2012) (Russell, J., concurring).

misdemeanor, or any pecuniary fine, forfeiture, penalty or amercement, shall be commenced within one year next after there was cause therefor." Appellant argues that since her probationary period ended April 17, 2011, she could only have been found in contempt pursuant to Code § 19.2-358 until April 17, 2012.

First, we recognize that "[w]hile contempt may be an offense against the law and subject to appropriate punishment, certain it is that since the foundation of our government proceedings to punish such offenses have been regarded as sui generis and not 'criminal prosecutions' within the Sixth Amendment or common understanding." Myers v. United States, 264 U.S. 95, 104-05 (1924). See also Gilman v. Commonwealth, 275 Va. 222, 228, 657 S.E.2d 474, 476 (2008) ("criminal contempt proceedings are not 'criminal prosecutions' . . ."). As contempt proceedings are not "criminal prosecutions," statutes of limitation for crimes do not apply to bar them.

Second, even if statutes of limitation for crimes applied to contempt proceedings, appellant's perspective fails to consider that a violation of Code § 19.2-358 is not classified as a misdemeanor and thus, Code § 19.2-8 does not apply. In fact, it is well settled that there is no statute of limitations for noncompliance with payment plans set forth in Code § 19.2-358. See Ohree v. Commonwealth, 26 Va. App. 299, 310, 494 S.E.2d 484, 490 (1998) (holding that "Sections 19.2-354 and 19.2-358 contain no time limitation beyond which the trial court may not approve or enforce an agreement regarding payment of costs"). Therefore, the trial court did not err in ruling that the contempt charge against appellant pursuant to Code § 19.2-358 was not time-barred.

For these reasons, we hold that the trial court did not err in finding appellant in violation of Code § 19.2-358 and, therefore, we affirm her conviction.

Affirmed.