UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and Causey
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.      Record No. 1788-23-3      CHIEF JUDGE MARLA GRAFF DECKER
APRIL 16, 2024

BENJAMIN CARTER


FROM THE CIRCUIT COURT OF WISE COUNTY
Thomas W. Baker, Judge

Anna M. Hughes, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellant.

Benjamin Carter, *pro se*.[1]


Benjamin Carter stands indicted for aggravated malicious wounding in violation of Code

§ 18.2-51.2(A). Before trial for that offense, the circuit court granted Carter's motion to dismiss the

indictment based on a claim of double jeopardy. Pursuant to Code §§ 19.2-398 and -400, the

Commonwealth appeals that ruling. It argues that Carter has not previously been placed in jeopardy

for the same offense and, therefore, that the circuit court's dismissal of the indictment was error.

We agree that the circuit court erred. As a result, we reverse the ruling dismissing the indictment

and remand to the circuit court for further proceedings consistent with this opinion.

---

\* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] J. Martin Adkins, Esquire, has served as standby counsel for Carter in this appeal.

BACKGROUND[2]

In April 2021, Carter was indicted for the assault and battery of a correctional officer, specifically Corrections Lieutenant James Lambert.[3] The offense was alleged to have occurred in May 2020 at Red Onion State Prison, where Carter was an inmate. In May 2023, over two years after the indictment was issued, the circuit court arraigned Carter for that offense.

About a month later, in June 2023, Carter was indicted for a second offense, the aggravated malicious wounding of James Lambert. This offense was alleged to have occurred on the same day as the assault and battery of a correctional officer, apparently arising out of the same incident. Later that same month, Carter was arrested on the aggravated malicious wounding charge. During that same time frame, the parties filed various motions. Those motions included ones by Carter to dismiss the assault-and-battery charge on speedy trial grounds and the malicious wounding charge based on double jeopardy.

Following a hearing on the motions, the circuit court dismissed the 2021 charge of assault and battery of a correctional officer on constitutional speedy trial grounds.[4] The court then arraigned Carter on the 2023 charge of aggravated malicious wounding that arose out of the same incident. It did not address his double jeopardy challenge to the aggravated malicious wounding charge at that time but said it would hear additional pretrial motions on a later date.

---

[2] On appeal, this Court "views 'the evidence in [the] light most favorable to [the appellee], the prevailing party below, and . . . grant[s to the appellee] all reasonable inferences fairly deducible from that evidence." *Green v. Commonwealth*, 65 Va. App. 524, 531 (2015) (second alteration in original) (quoting *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067 (1991)).

[3] An appellate court may take judicial notice of its own records. *Wright v. Commonwealth*, 53 Va. App. 266, 281 (2009); *see* Va. R. Evid. 2:201(a).

[4] The Commonwealth petitioned for an appeal of that ruling, but the appeal was denied on procedural grounds. *Commonwealth v. Carter*, No. 1344-23-3, slip op. at 2 (Va. Ct. App. Sept. 27, 2023).

Carter filed an additional motion to dismiss the aggravated malicious wounding charge on federal and state constitutional double jeopardy grounds, as well as under Code § 19.2-294.[5] The prosecution filed a written "exception to any ruling that . . . jeopardy attache[d] to the aggravated malicious wounding charge [or] the . . . battery of a [correctional] officer charge." It also contended that double jeopardy principles did not bar the second (aggravated malicious wounding) prosecution because each offense required proof of an element that the other one did not.

In his argument on the motion to dismiss, Carter contended that the original charge, assault and battery of a correctional officer, was a lesser-included offense of the subsequent charge, aggravated malicious wounding.[6] He added that he had been institutionally punished for the act that formed the basis for both charges. Finally, Carter noted that he had been "sued for punitive damages" in federal district court and argued that this was "equivalent to criminal [punishment]." The prosecutor opposed the motion, arguing that each offense required proof of an element that the other one did not.

The circuit court granted Carter's motion to dismiss "based on . . . double jeopardy."[7]

The Commonwealth filed a petition for appeal, which was granted.

---

[5] Carter also asserted that trying him for aggravated malicious wounding would violate his constitutional right to a speedy trial because the original indictment for assault and battery of a correctional officer based on the same act had already been dismissed on that ground.

[6] The transcript of this hearing bears an incorrect date. The parties do not contest the date of the hearing, which the court documented in a written order.

[7] In granting the motion in this pretrial context, the court did not mention the statutory protections in Code § 19.2-294. *See generally Hall v. Commonwealth*, 14 Va. App. 892, 897 (1992) (en banc) (observing that with regard to multiple state law offenses, the statute applies only in the event of a conviction).

ANALYSIS

The Commonwealth argues that the circuit court erred by granting Carter's motion to dismiss the aggravated malicious wounding charge on double jeopardy grounds because he "has not already been placed in jeopardy for the same offense." Carter contends this assignment of error is procedurally barred and also challenges it on the merits.

I. Preservation for Appeal

Carter asserts that the Commonwealth's arguments are barred by Rules 5A:12 and 5A:18.

First, Carter suggests that the Commonwealth's petition did not address double jeopardy and asserted only a statutory argument. Rule 5A:12(c)(1)(i) provides that "[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court." *See Clifford v. Commonwealth*, 274 Va. 23, 25 (2007) (order).

The granted assignment of error expressly sets out the challenge that the circuit court "erred in its ruling that prosecuting the defendant for aggravated malicious wounding was barred *under double jeopardy*." Petition for Appeal at 2, *Commonwealth v. Carter*, No. 1788-23-3 (Va. Ct. App. Oct. 8, 2023) (emphasis added).[8] An assignment of error is adequate if it "identifies a particular preliminary ruling" of the circuit court challenged on appeal. *Findlay v. Commonwealth*, 287 Va. 111, 116 (2014). A "'because' clause or its equivalent" is not required. *Id.*, *quoted with approval in Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 205 (2022). As a result, the granted assignment of error covers the Commonwealth's constitutional objection to the circuit court's dismissal, which was based expressly on double jeopardy grounds.

---

[8] The argument in the petition also specifically addressed the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The analysis and conclusion applied the constitutional test in examining the elements of the two offenses and contending based on that examination that the circuit court erred.

Second, Carter suggests that on appeal the Commonwealth raises "new arguments" not presented below. Rule 5A:18 provides that "[n]o ruling of the [circuit] court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the [circuit court] ruling." An objection "must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

The circuit court record makes clear that the Commonwealth addressed constitutional double jeopardy in that court on the same bases it raises in this Court. The Commonwealth asserted in writing both that jeopardy had not attached and the offenses were not the same for purposes of double jeopardy. In support of its arguments, it cited case law setting out the federal constitutional test. Additionally, the prosecutor addressed the same-elements test in her oral argument opposing Carter's motion to dismiss on double jeopardy grounds, specifically referring to "the [c]onstitutional provision concerning double jeopardy." These arguments preserved the Commonwealth's specific objections for appeal. *See Lash v. County of Henrico*, 14 Va. App. 926, 929 (1992) (en banc) (holding that Rule 5A:18 "does not prohibit reliance on statutes or cases not presented to the [circuit] court to support, on appeal, a position otherwise adequately presented" in that court).

As a result, neither Rule 5A:12 nor Rule 5A:18 prevents this Court from reaching the merits of this appeal.

## II. Double Jeopardy

The Commonwealth contends that the circuit court erred by ruling that double jeopardy bars Carter's prosecution for aggravated malicious wounding. It argues that he simply "has not already been placed in jeopardy for the same offense."

Whether a double jeopardy violation has occurred "presents a question of law requiring a de novo review" by the appellate court. *Fullwood v. Commonwealth*, 279 Va. 531, 539 (2010). "To the extent the analysis involves a determination of the facts of the particular case, the Court defers to the [circuit] court's factual findings." *Davis v. Commonwealth*, 79 Va. App. 123, 136-37 (2023). Additionally, in an appeal brought by the Commonwealth pursuant to Code § 19.2-398, this Court views the record in the light most favorable to the defendant-appellee, the prevailing party in the circuit court. *See Commonwealth v. Rice*, 28 Va. App. 374, 377 (1998).

We begin our review with the law regarding double jeopardy. "The Fifth Amendment to the Constitution of the United States declares that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Severance v. Commonwealth*, 295 Va. 564, 571-72 (2018) (quoting U.S. Const. amend. V). The Virginia Constitution sets out the same guarantee. *See id.* at 572 n.8; Va. Const. art. I, § 8; *Stephens v. Commonwealth*, 263 Va. 58, 62 (2002). "This guarantee recognizes the vast power of the sovereign, the ordeal of a criminal trial, and the injustice our criminal justice system would invite if prosecutors could treat trials as dress rehearsals until they secure the convictions they seek." *Hall v. Commonwealth*, 69 Va. App. 437, 445 (2018) (quoting *Currier v. Virginia*, 585 U.S. 493, 498 (2018)).

Framed in more practical terms, the Double Jeopardy Clause "protect[s] against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Commonwealth v. Gregg*, 295 Va. 293, 298 (2018) (quoting *Payne v. Commonwealth*, 257 Va. 216, 227 (1999)). Importantly, the clause "does *not* prohibit [all] successive prosecutions by the same sovereign. It prohibits [merely] successive prosecutions 'for the same offence.'" *Denezpi v. United States*, 142 S. Ct. 1838, 1844, 1846 (2022) (quoting U.S. Const. amend. V). To determine whether a violation has occurred in the context of multiple prosecutions, this Court "examine[s] the record

of [the] prior proceeding," considering, to the extent relevant, the "charge," "the pleadings," and "other relevant matter[s]." *Campbell v. Commonwealth*, 69 Va. App. 217, 226 (2018) (first and third alterations in original) (quoting *Davis v. Commonwealth*, 63 Va. App. 45, 52 (2014)). It is within this legal framework that we consider the alleged error.

The Commonwealth suggests two alternative bases upon which a reversal of the circuit court's ruling dismissing the aggravated malicious wounding charge is required. First, it contends that because the charge of assault and battery of a correctional officer was dismissed prior to trial, jeopardy never attached in the first place with regard to that offense. Second, it argues that even if jeopardy did attach, the assault-and-battery charge and the aggravated malicious wounding are not "the same offense" for purposes of double jeopardy.

It is the appellate court's duty to decide cases on the "best and narrowest ground[]" available. *See McGinnis v. Commonwealth*, 296 Va. 489, 500-01 (2018). To accomplish that task in this case, we proceed to analyze whether assault and battery of a correctional officer and aggravated malicious wounding are the "same" offense for purposes of double jeopardy.[9]

"It is well settled that the same act can give rise to more than one criminal offense." *Davis*, 79 Va. App. at 137. "The Double Jeopardy Clause 'does not apply where the same conduct is used to support convictions for separate and distinct crimes.'" *Id.* at 136 (quoting *Sandoval v. Commonwealth*, 64 Va. App. 398, 413 (2015)).

---

[9] While the Commonwealth's argument that jeopardy never attached is well taken, we do not reach that issue because of our duty to decide cases on the best and narrowest ground. *See generally Neff v. Commonwealth*, 39 Va. App. 13, 17 (2002) (observing that jeopardy attaches only "after the accused has been indicted, arraigned and has pleaded, and the court has *begun*" a jury or bench trial (emphasis added) (quoting *Rosser v. Commonwealth*, 159 Va. 1028, 1037 (1933))); *Ragsdale v. Commonwealth*, 38 Va. App. 421, 424, 426-27 & n.6 (2002) (holding that where charges were dismissed on statutory speedy trial grounds before trial, jeopardy never attached).

In evaluating whether double jeopardy permits the imposition of "multiple punishments for a single transaction, the controlling factor is legislative intent." *Gregg*, 295 Va. at 298 (quoting *Kelsoe v. Commonwealth*, 226 Va. 197, 199 (1983)). To determine legislative intent when not "clear from the face of the statute or the legislative history," courts look to the test set out in *Blockburger v. United States*, 284 U.S. 299 (1932). *See Gregg*, 295 Va. at 298-99 (quoting *Andrews v. Commonwealth*, 280 Va. 231, 284 (2010)). *Blockburger* provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one[] is whether each [statutory] provision requires proof of a fact which the other does not." 284 U.S. at 304, *cited with approval in Currier*, 585 U.S. at 506.

The *Blockburger* test, also called "the same-elements test," analyzes "the statutory elements of each offense, instead of the actual evidence to be presented at trial." *Campbell*, 69 Va. App. at 227. "If each statute requires proof of a[n element] that the other [one] does not," they are "separate offenses" for double jeopardy purposes. *Id.* This is true regardless of "a substantial overlap in the proof offered to establish the crimes." *Id.* (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)); *see Coleman v. Commonwealth*, 261 Va. 196, 200 (2001) (holding that the court must examine the *elements* "in the abstract," *not* the underlying facts that will be used to prove those elements). The "very presence of dissimilar elements within two statutory offenses[] provides 'a clear indication of . . . legislative intent'" to permit prosecution for both. *Gregg*, 295 Va. at 298 (quoting *Whalen v. United States*, 445 U.S. 684, 692 (1980)).

In other words, two offenses are "the same" for double jeopardy purposes only if "(1) [they] are identical, (2) the former offense is lesser included in the subsequent offense, or (3) the subsequent offense is lesser included in the former offense." *Commonwealth v. Hudgins*, 269 Va. 602, 605 (2005). It is irrelevant that each offense includes the same core elements, even

if those core elements themselves constitute a lesser-included offense of the charged crimes. *See id.* at 606-08 & n.\* (holding that double jeopardy did not bar a defendant's prosecution for grand larceny from the person after he was acquitted of robbery even though both required proof of the lesser offense of petit larceny from the person because each required proof of an additional element the other did not). As long as each offense *also* requires proof of an additional element that the other one does not, the second prosecution does not constitute double jeopardy. *See id.* at 605-06.

The offenses at issue here are both defined by statute.

Code § 18.2-57(C) proscribes, in pertinent part, "commit[ting] . . . an assault and battery against another knowing or having reason to know that such other person is . . . a correctional officer as defined in § 53.1-1." The statute further specifies that the crime is a Class 6 felony subject to a mandatory minimum period of six months of incarceration. The 2021 indictment charging Carter with assault and battery of Corrections Lieutenant Lambert tracks the language of the statute.

Code § 18.2-51.2(A) provides that "any person [who] maliciously shoots, stabs, cuts or wounds" another person "with the intent to maim, disfigure, disable or kill" and "cause[s]" the victim "to suffer permanent and significant physical impairment" is guilty of aggravated malicious wounding, a Class 2 felony. The 2023 indictment of Carter for aggravated malicious wounding tracks the relevant language of this code section.

The offense of "simple . . . assault and battery" as proscribed in Code § 18.2-57(A) is itself a lesser-included offense of both assault and battery of a correctional officer and aggravated malicious wounding. *See Witherow v. Commonwealth*, 65 Va. App. 557, 563, 570 (2015) (noting assault and battery is lesser included in malicious wounding, which is lesser included in aggravated malicious wounding); *Cline v. Commonwealth*, 53 Va. App. 765, 766-67

(2009) (recognizing that "simple assault and battery" is a lesser-included offense of assault and battery of a law-enforcement officer); Code § 18.2-57(C) (proscribing assault and battery of both a law-enforcement and a correctional officer). But this does not end the analysis.

Regardless of this similarity, each of the two greater offenses—assault and battery of a correctional officer and aggravated malicious wounding—requires proof of at least two elements that the other does not. This fact makes clear that neither of those offenses is lesser included in the other. Assault and battery of a correctional officer requires proof that the victim of the offense was a correctional officer and that the defendant knew or had reason to know of that fact. *See* Code § 18.2-57(C). Aggravated malicious wounding, by contrast, does not require proof of either of these elements. *See* Code § 18.2-51.2(A). On the other hand, aggravated malicious wounding requires proof that the defendant acted with malice; intended to maim, disfigure, disable, or kill the victim; and caused a physical impairment that was permanent and significant. *See id.* None of these elements are required to prove assault and battery of a correctional officer.

In light of the very different elements, aggravated malicious wounding is not "the same offense" as assault and battery of a correctional officer under the *Blockburger* same-elements test. As a result, Carter's trial for aggravated malicious wounding will not violate double jeopardy principles.[10] *Cf. Ragsdale v. Commonwealth*, 38 Va. App. 421, 426-29 (2002)

---

[10] Carter asserts that he has already been institutionally punished for his actions with "a deprivation of 120 days of liberty" and also that he has a pending federal prosecution for the "same offense." He suggests that these facts support the circuit court's dismissal of the aggravated malicious wounding charge on double jeopardy grounds. Carter's filings in the circuit court, as well as his brief on appeal, show a pending federal civil matter, not a criminal one, in which Carter sued the correctional officer and the officer filed a counterclaim. Neither institutional segregation nor possible civil penalties implicate the Double Jeopardy Clause. *See Hudson v. United States*, 522 U.S. 93, 98-99 (1997). "The Clause protects only against the imposition of multiple *criminal* punishments for the same offense . . . ." *Id.* at 99. It "does not prohibit the imposition of *any* additional sanction that could, 'in common parlance,' be described as punishment." *Id.* at 98-99 (emphasis added) (quoting *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 549 (1943)); *see United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2008) (collecting cases and holding under *Hudson* that "[t]he Double Jeopardy Clause was not intended

(rejecting a double jeopardy challenge where a first charge was dismissed with prejudice on statutory speedy trial grounds because, in part, the second charge was for a crime that did not qualify as "the same offense").

CONCLUSION

For these reasons, we reverse the circuit court's dismissal of the indictment and remand the case to that court for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

to inhibit prison discipline" and, consequently, that "changes in [an inmate's] prison conditions" for disciplinary reasons "do not preclude subsequent criminal punishment for the same misconduct").