COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


JESSE ALBERT KOVALASKE

OPINION BY
v.        Record No. 1066-09-2                    JUDGE ROSSIE D. ALSTON, JR.
                                                  MAY 11, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge

Travis R. Williams (Todd M. Ritter; Daniels & Morgan, on brief),
for appellant.

Gregory W. Franklin, Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Jesse Albert Kovalaske (appellant) appeals his conviction for credit card fraud in

violation of Code § 18.2-195.  Appellant contends that the evidence was insufficient to support

his conviction, because the evidence did not show that he obtained the credit card without

permission from the cardholder.  For the following reasons, we find the evidence was sufficient

and affirm appellant's conviction.

I.  BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting Commonwealth v.

Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)).  "Viewing the record through this

evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn therefrom.'"  Cooper v. Commonwealth, 54 Va. App. 558, 562,

680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis omitted)).

So viewed, the evidence showed that appellant worked for Jack H. Sullivan, Jr. (Sullivan), a general contractor, from approximately July to September 2008. Sullivan maintained a revolving commercial credit account with Home Depot, which had four credit cards associated with it. Sullivan used this credit account to purchase building materials for his construction contracts. He kept one credit card on his person, one card at his residence, and two cards in his vehicle. At trial, Sullivan testified that he gave appellant permission to use a credit card for business purposes on two distinct occasions in July and August 2008, although Sullivan could not remember the exact dates. Each time, Sullivan gave appellant a specific list of materials to purchase. In July 2008, Sullivan told appellant to use Sullivan's credit card to purchase construction materials, while Sullivan waited in his vehicle. When appellant came back to Sullivan's vehicle, he returned Sullivan's credit card, and Sullivan returned the card to the glove compartment. In August 2008, Sullivan again authorized appellant to use the credit card, but on this occasion, Sullivan was unable to accompany appellant to Home Depot. Appellant drove Sullivan's vehicle to Home Depot and purchased the requested supplies using Sullivan's credit card. While appellant still possessed Sullivan's vehicle, Sullivan sent David McDole (McDole) to appellant to retrieve a credit card to purchase materials for another construction project. Appellant gave McDole the requested card, but still had access to the second credit card Sullivan stored in his vehicle.

When Sullivan received his credit account statement for August 2008, he was surprised to see numerous charges for items unrelated to his business needs. The cost of these items was approximately $5,600. On August 11, 2008, there were charges for welding supplies and roofing nails; on August 14, 2008, there were charges for batteries, chemical cleaner, and tool sets; on

August 17, 2008, there were charges for a fence kit, stereo, truck hitch, and carpenter shorts; and finally on August 18, 2008, there were charges for a generator and a tool kit. After receiving the statement, Sullivan cancelled the credit card. He went to the Home Depot where the purchases were made and spoke with a loss prevention employee. With the loss prevention employee, Sullivan reviewed the store's surveillance video and identified appellant as the individual making the unauthorized purchases on each of the August 2008 dates. At some point after receiving the credit account statement, Sullivan discovered that one of the credit cards that were stored in his vehicle was missing.

Thereafter, Sullivan approached appellant about the missing credit card, and appellant denied having it. Sullivan then reported the matter to the police. Officer G. Thinnes viewed the surveillance video at Home Depot and interviewed appellant. He subsequently recovered Sullivan's credit card during a lawful search of appellant's person. Appellant was arrested and indicted on charges of credit card forgery, in violation of Code § 18.2-193, credit card theft, in violation of Code § 18.2-192, and credit card fraud, in violation of Code § 18.2-195.

At the end of appellant's trial, counsel for appellant moved to strike the evidence relating to the credit card fraud on the grounds that the Commonwealth had not proved an essential element of the case.

> [I]n regard[ ] to credit card theft. Even at this juncture when the Court's heard from the victim and [heard] the statement made by the defendant, even taking it in the light most favorable to the Commonwealth, the defendant's charged with credit card theft, and the evidence at this point has been that the defendant had permission on at least two occasions to have possession of the credit card, to use the credit card[,] and to make purchases through the use and the signing of his name on behalf of Mr. Sullivan. So Judge, I don't know if the Commonwealth's met the burden for the credit card theft to show that he took the card without permission, or that they have shown that the defendant committed credit card fraud.

The trial court denied appellant's motion to strike. The jury acquitted appellant of the credit card theft and credit card forgery charges, and the jury found appellant guilty of credit card fraud. The trial court sentenced appellant to five years in jail. This appeal followed.

## II. ANALYSIS

Appellant contends that the evidence was insufficient to find that he committed credit card fraud because the Commonwealth failed to show that he obtained the credit card without permission from Sullivan. In response, the Commonwealth first asserts that appellant did not preserve the issue for appeal. We disagree and hold that appellant properly preserved the issue for appellate consideration.

With regard to appellant's argument on the sufficiency of the evidence, the Commonwealth argues that the evidence was sufficient to prove appellant's guilt beyond a reasonable doubt. We agree and find that the evidence was sufficient to support the finding of guilt.

### A. Issue was properly preserved for appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Rule 5A:18. Therefore, "in order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). "To be timely, an objection must be made when the occasion arises-at the time the evidence is offered or the statement made." Marlowe, 2 Va. App. at 621, 347 S.E.2d at 168 (citing Ingram v. Commonwealth, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986)). However, "[w]here an appellant makes a general objection to the sufficiency of the evidence that '[does] not specify in what respects [appellant] considered the evidence to be

insufficient to prove [the charged offense,] . . . the issue of whether the evidence was insufficient to prove a particular [unmentioned] element of the offense was not properly preserved.'" Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)). Thus, the main purpose of the rule is to ensure the trial court can "consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (citing Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*)).

At the end of trial, counsel for appellant moved to strike the evidence on the grounds that the Commonwealth had not proved an essential element of the case.

> [I]n regard[ ] to credit card theft. Even at this juncture when the Court's heard from the victim and [heard] the statement made by the defendant, even taking it in the light most favorable to the Commonwealth, the defendant's charged with credit card theft, and the evidence at this point has been that the defendant had permission on at least two occasions to have possession of the credit card, to use the credit card[,] and to make purchases through the use and the signing of his name on behalf of Mr. Sullivan. So Judge, I don't know if the Commonwealth's met the burden for the credit card theft to show that he took the card without permission, or that they have shown that the defendant committed credit card fraud.

The Commonwealth contends that appellant's motion to strike failed to present a legal argument regarding the sufficiency of the evidence and that it merely expressed doubt about whether the Commonwealth proved credit card fraud. We disagree and hold that appellant properly preserved the issue for appeal. Our Supreme Court recently held that "if a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (citing Code § 8.01-384(A); Helms v. Manspile, 277 Va. 1, 7, 671 S.E.2d 127, 129-30 (2009)). Considering appellant's trial counsel's arguments in context, appellant's

- 5 -

counsel properly made the trial court aware of his legal position when he stated that the

Commonwealth did not demonstrate that appellant obtained the credit card without permission,

as required by statute.  Therefore appellant preserved for appellate review the question of

whether the Commonwealth presented sufficient evidence to prove appellant committed credit

card fraud.

B.  The evidence was sufficient to convict appellant of credit card fraud.

On review of a challenge to the sufficiency of the evidence, this Court "will affirm the

judgment unless the judgment is plainly wrong or without evidence to support it."  Bolden v.

Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008) (citing Coles v. Commonwealth,

270 Va. 585, 587, 621 S.E.2d 109, 110 (2005); Burns v. Commonwealth, 261 Va. 307, 337, 541

S.E.2d 872, 892 (2001)).  Furthermore, we do not "substitute our judgment for that of the trier of

fact."  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (citing

Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998)).  "'Instead, the relevant

question is whether, after viewing the evidence in the light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.'"  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003)

(*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Appellant contends that the evidence was insufficient as a matter of law to establish that

he committed the crime of credit card fraud.  Under Code § 18.2-195(1), an individual commits

credit card fraud, when

> with intent to defraud any person, he:  (a) Uses for the purpose of
> obtaining money, goods, services or anything else of value a credit
> card or credit card number obtained or retained in violation of
> Code § 18.2-192 or a credit card or credit card number which he
> knows is expired or revoked; [or] (b) Obtains money, goods,
> services or anything else of value by representing (i) without the
> consent of the cardholder that he is the holder of a specified card or
> credit card number or (ii) that he is the holder of a card or credit

> card number and such card or credit card number has not in fact
> been issued.

Essentially, appellant contends that the Commonwealth failed to prove that he used the credit card without Sullivan's permission. He relies primarily on Saponaro v. Commonwealth, 51 Va. App. 149, 655 S.E.2d 49 (2008). In Saponaro, Saponaro's employer, Weaver, "provided Saponaro with a business credit card to make purchases for Weaver's construction business." Id. at 150, 655 S.E.2d at 50. For five months, Saponaro had possession of the credit card. Id. During this time period, Saponaro made numerous personal charges knowing that he only had permission to use the card for business purposes. Id. In reversing Saponaro's conviction, this Court found that the focus of Code § 18.2-195, and the crime of credit card fraud, is an individual's "misuse of a credit card *wrongfully* in his or her possession," rather than an individual's "use of a credit card that he holds with the cardholder's consent." Id. at 151-52, 655 S.E.2d at 50-51 (emphasis added). Essentially, "one's misuse of a credit card lawfully possessed (see Code § 18.2-111 (embezzlement)) . . . is distinct from one's misuse of a credit card wrongfully in his or her possession [see Code § 18.2-195]." Id. at 152, 655 S.E.2d at 51.

The instant case is clearly distinguishable from Saponaro. Sullivan authorized appellant to possess and use Sullivan's credit card on two distinct occasions. On each occasion, Sullivan limited the time that appellant had the authority to use the credit card. It is clear from Sullivan's and appellant's interactions that Sullivan expected appellant to return the credit card after making the requested purchases. In fact, in one instance, Sullivan reclaimed the credit card after appellant completed the errand. Thus, this case differs from Saponaro, where Saponaro committed embezzlement when his employer gave him permission to possess his credit card for business purposes for five months, and Saponaro made unauthorized personal purchases. Here, appellant did not misuse his employer's credit card while it was in his lawful possession; appellant misused Sullivan's credit card while it was in his *wrongful possession*.

- 7 -

On appeal, appellant further contends that his conviction must be overturned because the jury's decision to acquit appellant on the charge of credit card theft is inconsistent with its decision to convict appellant on the charge of credit card fraud. Appellant argues that the jury's decision to acquit on the charge of credit card theft reflects a finding that appellant did in fact have permission to possess the card between August 11, 2008, and August 18, 2008. Thus, appellant argues, if the jury found that appellant had permission to possess the card in August, the Commonwealth failed to prove an essential element of the credit card fraud charge.

In making this argument, appellant ignores our longstanding case law regarding inconsistent jury verdicts. "Jury verdicts may appear inconsistent because the jury has elected through mistake, compromise, or lenity to acquit or to convict of a lesser offense for one charged crime that seems in conflict with the verdict for another charged offense." Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993) (citing United States v. Powell, 469 U.S. 57, 65 (1984); Wolfe v. Commonwealth, 6 Va. App. 640, 649-50, 371 S.E.2d 314, 319 (1988)). Despite the apparent inconsistency of a verdict, courts may uphold inconsistent verdicts, provided that the evidence supports the verdict challenged on appeal. Id.

Finally, appellant also contends that Sullivan's inability to definitively recollect the number of occasions he gave permission to appellant to use the card requires this Court to find the evidence was insufficient to show appellant committed credit card fraud. At trial, appellant's counsel asked Sullivan, "Did you ever give [appellant] your permission to use your Home Depot card?" Sullivan responded, "Far as I can remember, twice." Appellant suggests Sullivan's answer to this question supports his contention that Sullivan lacked a definite recollection about the number of instances he gave permission to appellant to use the card. However, "the credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v.

Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citing Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985); Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982)).  Because Sullivan testified that he only gave appellant permission to use the card only once in August, the trial court's finding that appellant did not have permission to possess the credit card when he made the four other separate and discrete August purchases is not plainly wrong or without evidence to support it.

### III.  CONCLUSION

For the foregoing reasons, we hold that the evidence was sufficient to find appellant committed credit card fraud, in violation of Code § 18.2-195.  Therefore, we affirm the judgment of the trial court.

Affirmed.