COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Beales and Powell
Argued at Richmond, Virginia


SAUNDRA PAYNE BARLOW

                                          MEMORANDUM OPINION[*] BY
v.      Record No. 0001-10-1               JUDGE ROBERT P. FRANK
                                               APRIL 5, 2011

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                         Bruce H. Kushner, Judge

            David A. Oblon (James Whitus; Albo & Oblon, L.L.P., on briefs),
            for appellant.

            Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Saundra Payne Barlow, appellant, was convicted, in a bench trial, of driving under the

influence of alcohol, third offense, in violation of Code § 18.2-266. On appeal, she contends the

evidence was insufficient to convict because the Commonwealth failed to lay a proper foundation

for the admission of her blood alcohol analysis. She also asserts the trial court erred in admitting the

blood alcohol evidence in violation of her Sixth Amendment right of confrontation. For the reasons

stated, we affirm the judgment of the trial court.

                                        BACKGROUND

        On February 24, 2008, appellant lost control of her vehicle as she approached a sharp curve.

The vehicle flipped, became airborne, and rolled over four times. Witnesses called 911. Appellant

rebuked them for doing so.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Police and rescue personnel arrived within minutes. Appellant smelled of alcohol. Her eyes were bloodshot, and she admitted drinking a beer prior to the accident. Two beer cans were found in her vehicle.

Appellant became combative when the rescue personnel administered to her medical needs. She was transported to a hospital where her blood was withdrawn and analyzed. Her blood alcohol level was 0.13.

A forensic toxicologist testified as to the effect of a 0.13 blood alcohol concentration. Such a level would negatively impact judgment, vision, attention, control, and sensory motor skills, including those necessary for driving. That level would also result in decreased reaction time.

When appellant's hospital records were offered into evidence to show appellant's BAC, appellant did not object, indicating only that the trial court must determine the weight of that evidence. Counsel indicated, "there's no way for me to keep [the hospital records] out under the business records [exception]."

After the records had been admitted, appellant argued the trial court should afford no weight to the medical records because there was no testimony as to the method by which the blood was taken, the chain of custody, or who administered the blood test. Essentially, appellant argued there was no evidence of the reliability of the blood analysis. Appellant concluded that because the blood analysis should be given little or no weight, the evidence was not sufficient to convict. Appellant repeated her arguments in a motion to strike. The trial court denied the motion to strike.

Prior to sentencing and after appellant and the Commonwealth filed memoranda supporting their arguments, appellant again made the same argument that there was no testimony to prove the reliability of the blood analysis.

Again, the trial court rejected appellant's argument and continued the case for sentencing. At sentencing, appellant for the first time raised the confrontation argument under Melendez-Diaz v.

Massachusetts, 129 S. Ct. 2527 (2009), arguing that the blood analysis was testimonial evidence and she had no opportunity to cross-examine the person who withdrew the blood or the person who conducted the analysis. The trial court rejected that contention.

This appeal follows.

## ANALYSIS

Appellant's assignment of error challenges the sufficiency of the evidence, premised on her contention that because no evidence laid the proper scientific foundation for the introduction of the hospital's blood analysis, the trial court erred in giving any weight to that evidence.

### Weight of Evidence

Appellant argues that because there was no evidence of either the identity or qualifications of the nurse who withdrew the blood, chain of custody, reliability of equipment, and procedures used, the proper foundation was not proved. Without any blood analysis, appellant concludes, the evidence is insufficient to prove she drove under the influence of alcohol.

Essentially, appellant argues the trial court should not consider the blood analysis. It must be remembered she did not object to the admissibility of that evidence. Rather, appellant asked the trial court to disregard that evidence after it had already been admitted. See Lovitt v. Commonwealth, 260 Va. 497, 537 S.E.2d 866 (2000).

Appellant cannot now challenge the admissibility of the blood analysis on confrontation grounds, because she made no timely objections when that evidence was admitted, only at sentencing. Rule 5A:18 of the Rules of the Court of Appeals of Virginia required that an "objection [be] stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be

considered on appeal. See Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987).

To be timely, an objection must be made at the time the occasion arises, i.e., at the time the evidence is offered. Kovalaske v. Commonwealth, 56 Va. App. 224, 229, 692 S.E.2d 641, 645 (2010). As stated above, appellant made no confrontation objection when the blood analysis was introduced into evidence, agreeing that it was admissible under the business records exception.

She now asks us to consider the issue, but we decline her invitation. Appellant does not assert any good cause or ends of justice exception to Rule 5A:18, and "we will not invoke one *sua sponte*." Arrington v. Commonwealth, 53 Va. App. 635, 642 n.7, 674 S.E.2d 554, 557 n.7 (2009).

> The primary purpose of requiring timely and specific objections is to allow the trial court an opportunity to rule intelligently on the issues presented, thereby avoiding unnecessary appeals and reversals. A specific, contemporaneous objection also provides the opposing party an opportunity to address an issue at a time when the course of the proceedings may be altered in response to the problem presented. If a party fails to make a timely objection, the objection is waived for purposes of appeal.

Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 79, 688 S.E.2d 199, 207-08 (2010) (internal quotations and citations omitted).

However, we address appellant's argument that the admitted blood test lacked an adequate foundation only in the context of whether the trial court erred in attributing any weight to the blood test results.

Two separate issues arise with the introduction of any evidence: first, whether the evidence is admissible; and second, if it is admissible, what weight should be given that evidence? In the context of laying a foundation for scientific evidence, Stevens v. Commonwealth, 46 Va. App. 234, 616 S.E.2d 754 (2005), addressed the admissibility of a hospital blood test, evaluating whether a proper foundation had been laid for the record to be

admitted. This Court found that once the trial court determined the foundation to be sufficient, "'the credibility of the witnesses and the weight to be accorded the evidence are matters within the province of the [fact finder].'" Id. at 246, 616 S.E.2d at 760 (quoting Essex v. Commonwealth, 228 Va. 273, 285, 322 S.E.2d 216, 223 (1984)).

Once the blood test is admitted, the weight given such evidence shall be commensurate with its evidentiary foundation and reliability. See Pelletier v. Commonwealth, 42 Va. App. 406, 422, 592 S.E.2d 382, 390 (2004).

In this case, the trial court heard from Vicki Pierce, the hospital's record keeper. Ms. Pierce testified that a member of the hospital's trauma team drew blood from appellant. She also testified that appellant's patient record number was 980037535. Pierce explained that this is a unique number that stays with the patient throughout his or her stay. Appellant's patient record number matched the patient trauma number that David Long, a member of the Chesapeake Fire Department, testified he recorded from a patient information packet when appellant arrived at the hospital. Furthermore, Connie Luckie, a forensic toxicologist for the Department of Forensic Science, provided detailed testimony about the procedure for drawing blood in a hospital setting. Finally, appellant admitted to Officer Bevridge that she had consumed alcohol on the night of the incident. Open containers of beer were found in her car. Both Officer Bevridge and David Long testified that they noted an odor of alcohol on appellant. Appellant did not object to any of this testimony.

Given all of these circumstances, the trial court did not abuse its discretion in giving sufficient weight to appellant's blood alcohol level, coupled with other evidence, to find her guilty.

Sufficiency

Appellant also argues that the evidence is insufficient to support her conviction for driving while intoxicated. However, her argument is premised on the assertion that without the results of her blood analysis, there is no evidence that she was driving while intoxicated. Therefore, appellant's sufficiency argument rises and falls with the disposition of her first contention. As we have already resolved her first argument in favor of the Commonwealth, appellant's sufficiency argument is also without merit. The trial court did not err in finding sufficient evidence to convict appellant.

CONCLUSION

Appellant's confrontation argument is waived. Appellant has waived her argument based on the Confrontation Clause by not making that argument along with a timely objection below when the blood alcohol results were admitted in the trial court. She simply did not object to the admissibility of that evidence. Once that evidence was admitted, the trial court was entitled to afford it some weight, and the trial court had sufficient evidence to conclude that she was driving while intoxicated. We find no error in the trial court's determinations, and we therefore affirm.

Affirmed.