COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia

BRANDO CLIFTON CARTER, S/K/A
 BRANDO SCOTT CARTER

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1445-15-2                JUDGE MARY BENNETT MALVEAUX
                                                    JULY 12, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Nathan C. Lee, Judge

Eric J. Livingston (Livingston and Walsh, PLCC, on brief), for
appellant.

Craig W. Stallard, Assistant Attorney General (Mark. R. Herring,
Attorney General, on brief), for appellee.


Brando Clifton Carter appeals his conviction of conspiracy to possess with intent to

distribute cocaine, in violation of Code §§ 18.2-248 and 18.2-256.  He argues the evidence was

insufficient to support his conviction because the Commonwealth failed to prove there was any

agreement, either express or implied, between appellant and any other person to possess cocaine

with intent to distribute it.  For the reasons that follow, we agree with appellant's argument and

reverse his conviction.

I.  BACKGROUND

On May 3, 2014, at approximately 1:20 a.m., Officer Shane Richardson of the Prince

George County Police Department observed a Dodge Charger weaving in and out of its traffic

lane.  Dejuan Roy was driving the vehicle, appellant was the front seat passenger, and Derrick

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Williams was in the rear seat behind appellant. When stopped by Officer Richardson, Roy said his license was suspended and that the Dodge Charger was a "rental car" belonging to the mother of his child. Richardson placed Roy under arrest for DUI and driving on a suspended license. Roy told the officer the other passengers were not on the "lease agreement," and that he was bringing the car back to his child's mother.

After arresting Roy, Richardson asked the two passengers to step out of the vehicle so he could conduct an inventory search prior to having the vehicle towed. The officer asked each passenger for consent to search, and both agreed. Richardson found nothing "of note" on appellant. He found $3,792 in Williams' left and right front pockets. The money was "divided by denomination," meaning it was separated and folded over in subsequent denominations. At first, Williams told Officer Richardson he "found it inside of the vehicle," but when asked again about the money he said, "What if I told you it was mine?" Richardson told Williams he would have to show evidence of where he got the money. At that point, Williams claimed his girlfriend had given him the money.

Officer Richardson searched the vehicle. Inside a "standard glove compartment door" with an opaque exterior, he found a semi-automatic handgun and a bag containing four small baggies of a white powdery substance later identified as 20.54 grams of cocaine.

At trial, Special Agent Jeff Perry of the Virginia State Police was qualified as an expert in drug distribution. He opined the packaging of the four separate baggies, the amount of cocaine found, and the presence of a firearm were factors inconsistent with the personal use of illicit drugs.

Joslin Foster, Williams' girlfriend, testified at trial that in January, 2014, she had received a settlement of nearly $30,000 from a car accident. She stated that on May 1, two days before

the traffic stop, she gave Williams $4,000 to take care of her children while she was out of town for several weeks for a work trip. No statements by appellant were entered into evidence at trial.

The trial court specifically found, regarding the conspiracy charge,

> when you're reviewing a case and listening to the evidence, often there's just not one single piece of evidence that jumps out. When I look at the totality of it and the circumstances, I do find that they – that each of them knew the drugs were in the car. And the conspiracy in my mind, as I said, they're each playing an element. And one is the driver, one holding the cash, one in control of the drugs and the gun . . . .

The trial court found the appellant guilty of possession with intent to distribute a schedule I or II controlled substance, conspiracy to possess with intent to distribute a schedule I or II controlled substance, possession of a firearm while in possession of a schedule I or II controlled substance, and possession of a firearm by a convicted felon. We review appellant's conspiracy conviction on appeal to this Court.[1]

## II. ANALYSIS

Appellant challenges the sufficiency of the evidence to support his conviction for conspiracy to possess with intent to distribute a schedule I or II controlled substance. He argues the evidence was insufficient to prove there was any express or implied agreement between the appellant and any other person to possess cocaine with the intent to distribute it. Appellant contends there was no evidence, direct or circumstantial, from which the trial court could infer an agreement or meeting of the minds between appellant and his co-defendants.

In our review of the sufficiency of the evidence to support a criminal conviction, we consider "the evidence in the light most favorable to the Commonwealth." Kovalaske v. Commonwealth, 56 Va. App. 224, 226, 692 S.E.2d 641, 643 (2010) (quoting Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006)). "Viewing the record through this

---

[1] Appellant raised additional assignments of error concerning his other convictions. His petition for appeal was denied on those assignments of error.

- 3 -

evidentiary prism requires us to discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Id. (quoting Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 362 (2009)). The dispositive question this Court must resolve is "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Anaman v. Commonwealth, 64 Va. App. 379, 394, 768 S.E.2d 700, 708 (2015) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)). We will affirm the conviction unless the fact finder was "plainly wrong" or the conviction lacked "evidence to support it." Kovalaske, 56 Va. App. at 231, 692 S.E.2d at 645 (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)). "A conspiracy is committed when the agreement to commit the offense is complete[,] regardless [of] whether any overt act in furtherance of commission of the substantive offense is initiated." Ramsey v. Commonwealth, 2 Va. App. 265, 270, 343 S.E.2d 465, 469 (1986). "There can be no conspiracy without an agreement, and the Commonwealth must prove beyond a reasonable doubt that an agreement existed." Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (quoting Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978)). "Nevertheless, a conspiracy may be proved by circumstantial evidence." Floyd, 219 Va. at 580, 249 S.E.2d at 174. "Indeed, from the very nature of the offense, it often may be established only by indirect and circumstantial evidence." Id. Thus, "[p]roof of an explicit agreement is not required." Combs v. Commonwealth, 30 Va. App. 778, 787, 520 S.E.2d 388, 392 (1999). Rather, "conspiracy may be inferred from the overt actions of

- 4 -

the parties, and a common purpose and plan may be inferred from a development and collocation of circumstances." Id. at 787, 520 S.E.2d at 392-93 (quoting McQuinn v. Commonwealth, 19 Va. App. 418, 425, 451 S.E.2d 704, 708 (1994)).

Here, the evidence, in the light most favorable to the Commonwealth, established three people were in a Dodge Charger that was stopped for suspicion of DUI. The glove box, which was described as "standard," contained a firearm and 20.54 grams of cocaine in four baggies. Williams, the car's rear passenger, possessed over $3,700 in cash, divided by denominations. He gave police inconsistent statements about the money's source, first stating he found it inside the vehicle and later saying his girlfriend gave it to him. After reviewing the totality of the circumstances, the trial court found, as a matter of fact, that all three people in the car were aware of the presence of the cocaine. The trial court then made the inference that, "they're playing an element. And one is the driver, one holding the cash, one in control of the drugs and the gun."

In Virginia, when "it has been shown that the defendants 'by their acts pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the [fact-finder] will be justified in concluding that they were engaged in a conspiracy to effect that object.'" Brown v. Commonwealth, 10 Va. App. 73, 78, 390 S.E.2d 386, 388 (1990) (quoting Amato v. Commonwealth, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987)). The trial court relied on this principle in concluding that appellant was conspiring with at least one other person to possess cocaine with intent to distribute it. Here, however, appellant was not "performing one part" at all; he was merely the front seat passenger of the vehicle. He committed no "acts" by which he could have pursued the same object as the other individuals in the vehicle. Prior cases applying this principle all make clear this distinction; the *actions* of the defendant must point to "one performing one part and the other performing

- 5 -

another part so as to complete it or with a view to its attainment." See Merritt v. Commonwealth, 57 Va. App. 542, 558, 704 S.E.2d 158, 166-67 (2011) (*en banc*) (finding sufficient evidence of conspiracy to possess where evidence, including defendant's unusual actions at a bus station, proved he served as the "muscle" or "lookout" as drugs were transported for the purpose of further distribution); Charity v. Commonwealth, 49 Va. App. 581, 586-87, 643 S.E.2d 503, 505-06 (2007) (finding sufficient evidence of conspiracy to escape from prison where, despite no evidence of any conversation, appellant and another inmate ran toward a truck, and appellant pushed the driver to the ground and jumped into the driver's seat alongside the other inmate).

Additionally, prior cases upholding conspiracy convictions contain numerous factors that are absent here. Roy and Williams did not testify at trial, nor made any statements at the scene regarding the cocaine or any possible agreement between the parties. See Anderson v. Commonwealth, 52 Va. App. 501, 509, 664 S.E.2d 514, 518 (2008), aff'd, 278 Va. 419, 683 S.E.2d 536 (2009) (finding sufficient evidence of conspiracy where co-conspirator's testimony established an explicit agreement to carry out a larceny). Appellant also did not testify at trial, nor were any of his statements admitted into evidence. See Edwards v. Commonwealth, 18 Va. App. 45, 48-49, 441 S.E.2d 351, 353-54 (1994) (finding sufficient evidence of conspiracy to possess a controlled substance with the intent to distribute based on defendant's statement that he knew what the other buyer was "going to make off that"). There were no "owe sheets" present in the vehicle or on any of the individuals' persons indicating an agreement between them to distribute the cocaine. See Merritt, 57 Va. App. at 556, 704 S.E.2d at 165 (2011) (finding that evidence of defendant's nickname in a "drug notebook" in possession of co-conspirator was a factor supporting conspiracy conviction). Additionally, appellant's mere proximity to the weapon and the drugs is not enough alone to show a shared criminal intent. See, e.g., Jones v.

- 6 -

Commonwealth, 208 Va. 370, 373-74, 157 S.E.2d 907, 909-10 (1967) (noting, in an analysis under the "shared criminal intent" standard for aiding and abetting, the principle that a defendant's presence and consent during a crime cannot, without more, constitute a commonality of intent). Nor is the presence of a large sum of cash on one of the occupants sufficient to impute knowledge of an agreement. "[T]he existence of intent cannot be based upon speculation or surmise." Adkins v. Commonwealth, 217 Va. 437, 440, 229 S.E.2d 869, 871 (1976).

The trial court concluded that there was evidence of conspiracy between the occupants of the vehicle because appellant was "the one in control of the drugs and the gun" in their joint effort to distribute cocaine. Appellant, as the front seat passenger of the car, was near the cocaine located in the glove box. However, this proximity alone does not establish that he actually possessed the cocaine. While proximity is a factor that may be considered in determining whether the accused possessed illegal drugs, "[m]ere proximity to [a] controlled substance is not enough to establish possession." Peterson v. Commonwealth, 5 Va. App. 389, 402, 363 S.E.2d 440, 448 (1987). Appellant's location in the car, without more, is insufficient to prove that he possessed the cocaine. His position as the front seat passenger did not establish that he was "in control" of the cocaine in the glove box; therefore, it also did not support the trial court's finding that he had agreed to conspire with the other occupants of the vehicle to possess a controlled substance with the intent to distribute it.

Here, the evidence, in its totality, fails to demonstrate anything beyond the fact that appellant was the front seat passenger in a car containing cocaine in the glove box, packaged into small baggies indicating distribution, with another occupant having over $3,000 in divided denominations. The record is devoid of any statements or actions to support a finding that there was an agreement between appellant and any other person. On appeal, this Court considers cases challenging the sufficiency of the evidence under a standard of review that is difficult to

satisfy. We presume the judgment of the trial court to be correct and will reverse only if the trial court's decision is plainly wrong or without evidence to support it, and will not overturn a conviction on appeal unless no "rational trier of fact" could have reached that conclusion. With this standard in mind, there is simply no evidence in the record to support the trial court's inference that appellant was "the one in control of the drugs and the gun" in a conspiracy involving the other persons in the Dodge Charger. Due to a lack of any evidence establishing an agreement between the occupants of the vehicle, the evidence was insufficient as a matter of law to establish a conspiracy to possess with the intent to distribute cocaine.

## III. CONCLUSION

The evidence at trial was insufficient to prove appellant agreed to distribute cocaine with any other individual. For this reason, we reverse appellant's conviction for conspiracy and dismiss the indictment.

<u>Reversed and dismissed.</u>