COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, AtLee and Senior Judge Clements
Argued at Lexington, Virginia

ANDREW LEWIS WATKINS, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 1797-15-3      JUDGE JEAN HARRISON CLEMENTS
SEPTEMBER 27, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Humes J. Franklin, Jr., Judge Designate

Linda L. Czyzyk, Assistant Public Defender, for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Andrew Lewis Watkins, Jr. ("appellant") appeals his conviction for involuntary

manslaughter.  He contends the evidence is insufficient to support his conviction.  Finding no

error in the trial court's decision, we affirm appellant's conviction.

BACKGROUND

In our review of the sufficiency of the evidence to support a criminal conviction, we

consider "the evidence in the light most favorable to the Commonwealth."  Kovalaske v.

Commonwealth, 56 Va. App. 224, 226, 692 S.E.2d 641, 643 (2010) (quoting Pryor v.

Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006)).  "Viewing the record through this

evidentiary prism requires us to discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn therefrom."  Id. (quoting Cooper v. Commonwealth, 54 Va. App.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

558, 562, 680 S.E.2d 361, 363 (2009)).  The dispositive question that this Court must resolve is "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Anaman v. Commonwealth, 64 Va. App. 379, 394, 768 S.E.2d 700, 708 (2015) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)).  We will affirm the conviction unless the fact finder was "plainly wrong" or the conviction lacked "evidence to support it."  Kovalaske, 56 Va. App. at 231, 692 S.E.2d at 645 (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).

On July 28, 2014, Sarah Connor and Joseph Bickers argued at the residence they shared.  Connor asked Bickers to leave the residence, and Bickers left.  Later that day, appellant arrived at the house and, as the two prepared to drive to a store, Bickers returned to the residence on his bicycle.  Connor and Bickers resumed their argument.  When Bickers demanded that appellant leave, the two men began arguing.  Portions of the argument occurred outside, attracting the attention of Connor's neighbors, including Chaleasa Jones.

Jones explained she heard Bickers address appellant with a racial slur.  Appellant responded by punching Bickers in the face, knocking him to the ground.  Bickers got up, and the two men began fighting as Connor stood nearby and urged them to stop.  Jones saw appellant get into his vehicle.  Connor also got into appellant's van.  However, before they could leave, Bickers began talking to Connor at the passenger side of the van.  Appellant got out and confronted Bickers.  Jones went inside as all three began yelling.

Another neighbor, George Harris, also viewed portions of the incident.  Harris lived directly across the street from Connor and observed Connor, Bickers, and appellant arguing outside of appellant's van.  Approximately five or ten minutes later, it appeared to Harris that Bickers was preparing to leave.  Bickers stood in the street holding his bicycle with both hands.  The bicycle was between Bickers and appellant as the two men continued arguing.  Suddenly,

appellant swung his arm and punched Bickers in the face. Harris described appellant's motion as a "push/punch" and the blow hit Bickers in the jaw area. Bickers fell backwards onto the pavement with his bicycle landing on top of him.

Harris ran to the street and immediately noticed blood coming from the back of Bickers' head. Appellant tried unsuccessfully to help Bickers get up and used a jacket to apply pressure to Bickers' wound. Harris explained Bickers was bleeding profusely. Jones joined the group in the street, and Harris instructed her to call for emergency help. Appellant then left the scene before emergency help arrived. Thereafter, Bickers died at a hospital.

Dr. Eli Goodman performed the autopsy on Bickers' body. He explained Bickers died as a result of blunt force trauma to his head. He noted Bickers had two fractures on "the roof of [his] eye sockets" that could only have been caused by the use of "significant force," suggesting appellant struck the victim with substantial power. Bickers' injuries were consistent with his having been "struck, and then falling and striking [his] head on the ground." A toxicology screen demonstrated Bickers was intoxicated but the autopsy report indicated his intoxication "did not contribute to [his] death."

The day after the incident, Detective Benjamin Lemons spoke with appellant. Appellant acknowledged he became upset when Bickers used the racial epithet and stated that "he hit him once, Mr. Bickers fell over his bike and hit his head, and as he hit the ground, he went unconscious." Lemons noted appellant did not appear to have any injuries. Appellant stated he left the scene before the authorities arrived because he was on probation and did not want to get in trouble. At trial, appellant claimed Bickers initiated the physical contact by pushing him while they were inside the house. Appellant denied having struck Bickers in the eye but admitted punching him. Appellant also claimed Bickers stood in front of his van, preventing him from leaving the scene. Appellant stated Bickers shoved his bike at him and rolled the bike over

- 3 -

his foot. In response appellant "shoved the bike back" and punched Bickers once in the jaw. Bickers then fell to the ground, striking his head. Appellant admitted he intended to hit Bickers but denied he intended to hurt Bickers.

ANALYSIS

I.

"Involuntary manslaughter is defined as the accidental killing of a person, contrary to the intention of the parties, during the prosecution of an unlawful, but not felonious, act, or during the improper performance of some lawful act." Lawson v. Commonwealth, 35 Va. App. 610, 617, 547 S.E.2d 513, 516 (2001) (quoting Cable v. Commonwealth, 243 Va. 236, 240, 415 S.E.2d 218, 220 (1992)).

Appellant asserts he "was acting in self-defense" and, thus, he "did not commit an unlawful act." "Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt. Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact." Hughes v. Commonwealth, 39 Va. App. 448, 464, 573 S.E.2d 324, 331 (2002) (quoting Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993)).

"A person who reasonably apprehends [imminent] bodily harm by another is privileged to exercise reasonable force to repel the assault." Humphrey v. Commonwealth, 37 Va. App. 36, 49, 553 S.E.2d 546, 552 (2001) (quoting Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 25 (1989)). "[T]he amount of force used must be reasonable in relation to the harm threatened." Caison v. Commonwealth, 52 Va. App. 423, 440, 663 S.E.2d 553, 561 (2008) (quoting Diffendal, 8 Va. App. at 421, 382 S.E.2d at 26).

In this case, the trial court specifically found Harris' testimony to be "the most salient, cogent version of what happened" and noted Harris did not indicate Bickers pushed the bicycle

towards appellant or roll it over appellant's foot.  The trial court thus rejected appellant's claim of self-defense and concluded that appellant, by striking Bickers, committed an unlawful act.

"Under settled law, a trial court's finding of fact is reviewed 'with the highest degree of appellate deference,' and will be disturbed only if it was plainly wrong or without evidence to support it."  Wilkins v. Commonwealth, 64 Va. App. 711, 719, 771 S.E.2d 705, 709 (2015) (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006)).  The record fully supports the trial court's factual finding that appellant did not act in self-defense.  Appellant did not demonstrate Bickers threatened him in any manner.  Furthermore, appellant's failure to mention to the detective that Bickers pushed the bicycle towards him or rolled it over his foot casts doubt on his trial testimony and the trial court permissibly rejected it.  Finally, appellant's striking the victim with significant force was unreasonable in response to any threat appellant claims to have perceived.  The evidence does not support appellant's assertion that he was repelling violence directed at him.  Appellant's own statement to the police indicates he struck the victim in response to the victim's use of the racial epithet rather than in response to any threat.  The record demonstrates appellant instigated the violence and brutally attacked the defenseless victim.  We will not disturb the trial court's conclusion that appellant did not act in self-defense.  The evidence proved instead that appellant committed an unlawful act by striking Bickers.

II.

Appellant contends the trial court erred by finding that he "engaged in a lawful act without 'reasonably apprehending the danger of someone being killed or causing great bodily harm.'"[1]

---

[1] In his opening brief, appellant re-worded his second assignment of error.  Unless leave of court is granted, "[i]t is impermissible for an appellant to change the wording of an assignment of error."  White v. Commonwealth, 267 Va. 96, 103, 591 S.E.2d 662, 665-66

"[A]n appellate court decides cases 'on the best and narrowest ground available.'" Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)). Thus, we need not address appellant's second assignment of error because we find the evidence supports the conclusion that he committed "an unlawful, but not felonious, act." Lawson, 35 Va. App. at 617, 547 S.E.2d at 516 (quoting Cable, 243 Va. at 240, 415 S.E.2d at 220).

III.

Appellant argues the trial court erred by finding his "actions were the proximate cause" of Bickers' death.

To convict appellant of involuntary manslaughter, the Commonwealth had to prove beyond a reasonable doubt that his unlawful or "criminally negligent acts were a proximate cause of the victim's death." Gallimore v. Commonwealth, 246 Va. 441, 446, 436 S.E.2d 421, 424 (1993).

Appellant concedes he punched Bickers, causing him to fall down. Harris observed appellant strike Bickers and saw Bickers fall. When Harris ran to the scene he noted Bickers was bleeding profusely from the back of his head. Unquestionably, appellant's act of striking the victim caused Bickers to fall and hit his head on the pavement. "A proximate cause is 'an act or omission that, in natural and continuous sequence unbroken by a superseding cause, produces a particular event and without which that event would not have occurred.'" Davis v. Commonwealth, 57 Va. App. 446, 462, 703 S.E.2d 259, 266 (2011) (quoting Brown v. Commonwealth, 278 Va. 523, 529, 685 S.E.2d 43, 46 (2009)). "Causation is a factual issue left to the [fact finder] to decide." Id. The evidence presented at trial fully supports the conclusion

(2004). Accordingly, we consider only the wording of the assignment of error that was granted by this Court at the petition for appeal stage of the proceedings, as quoted above.

that appellant struck Bickers in the face with significant force. Appellant's act of punching Bickers caused him to fall and hit his head and ultimately caused Bickers' death.

Appellant further argues that Bickers' intoxication at the time of the incident was an intervening cause that rendered appellant's conduct a remote, rather than a proximate cause of Bickers' death. Appellant failed to present this issue to the trial court.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Id. (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*)).

Because the record does not reflect that appellant made this specific argument before the trial court, Rule 5A:18 bars this Court's consideration of this issue. Furthermore, appellant does not argue that we should invoke either the good cause or ends of justice exceptions to Rule 5A:18, and we will not consider Rule 5A:18 exceptions *sua sponte*. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

CONCLUSION

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986). From this evidence, taken as a whole, we cannot say that the trial court's findings were plainly wrong

- 7 -

or without evidentiary support, and accordingly we affirm appellant's involuntary manslaughter conviction.

<u>Affirmed.</u>
