COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Fulton, Ortiz and Lorish
Argued by videoconference

MARIO ANTOINE WILSON-WELCH

v.        Record No. 1079-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DANIEL E. ORTIZ
FEBRUARY 11, 2025

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Kelsey Bulger, Deputy Appellate Counsel (Virginia Indigent
Defense Commission, on briefs), for appellant.

Craig W. Stallard, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General; Mary Catherine Talbott, Assistant
Attorney General, on brief), for appellee.

At a restitution review hearing, Mario Wilson-Welch revealed that he had stopped

making restitution payments due to financial strain after timely making payments for two years.

The trial court responded by revoking the entirety of Wilson-Welch's three-year suspended

sentence.  Because the trial court improperly relied on Code § 19.2-305.1, and because the

punishment imposed by the trial court exceeded the 60-day statutory limit under Code

§ 19.2-358, we hold that the trial court erred and remand for a new hearing.

BACKGROUND

In January 2021, Mario Wilson-Welch was convicted of uttering a forged check, forgery,

and obtaining money/property under false pretenses in contravention of Code §§ 18.2-172,

18.2-10, 18.2-178, and 18.2-95.  The trial court sentenced Wilson-Welch to three years'

_____

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

incarceration with all three years suspended. The court also ordered Wilson-Welch to pay restitution in the amount of $5,606.82 at a rate of $100 per month. The restitution order notes that he was not placed on probation or under active supervision. On January 5, 2023, a "review hearing" was held, and the court entered an "order upon default of payment in restitution (19.2-358)," wherein it noted that Wilson-Welch had been properly making payments and continued proceedings to a later date. The court entered an order that same day continuing the next "Restitution Review" hearing until July 13, 2023. Two times after that, the court issued orders granting continuances of that hearing on the joint motion of the Commonwealth and Wilson-Welch, each time checking the box that the hearing being continued was for "Restitution Review," and not checking the box for "revocation hearing."

In May 2024, the trial court held the restitution review hearing for Wilson-Welch. Wilson-Welch admitted that he had stopped making payments, and it was established that he still owed $3,493.97 in restitution. The court then posited to counsel, "Why shouldn't I put him in jail?" To explain why he had stopped making payments, Wilson-Welch took the stand.

Wilson-Welch explained that he worked two jobs, one full-time as a sous-chef at a restaurant and one part-time at Food Lion. Child support payments were automatically garnished from both of his paychecks. (Wilson-Welch has five children, one of whom was living with him full-time.) Wilson-Welch brought pay stubs with him to the hearing. He explained that, for a one-week pay period at the restaurant, his gross pay was $591, but, after child support garnishment and other withholding, he took home only $165 per week. Over a two-week pay period at Food Lion, his gross pay was $423, but he took home only $128. Wilson-Welch testified that his "rent including utilities [was] a little over a grand" and, in light of his monthly take-home pay just exceeding $900, he "c[ouldn't] even afford that." Wilson-Welch stated that

he could "barely survive" and "d[idn't] know what else to do." The Commonwealth remarked that even $10 was a "significant portion of his income."

Unpersuaded, the trial court again told defense counsel, "You need to convince me why I shouldn't put him in jail because nothing else is working." Defense counsel again highlighted Wilson-Welch's various obligations, stating that he "faced a perfect storm of scenarios when it comes to finances." The trial court responded by stating, "He's facing a perfect storm this morning. . . . And its name's Judge Lewis." After brief argument by the parties about the proper punishment for nonpayment, the trial court observed that Wilson-Welch "is a hard-working guy" who is "doing his best to keep his nose above water, but it's not getting this case taken care of." The court revoked "all of [Wilson-Welch's] previously suspended time" and memorialized this revocation in an order. As relevant here, the order stated

> This matter came on the Court's docket for restitution review pursuant to § 19.2-358.
>
> After conducting the restitution review hearing, the Court, on request of the Commonwealth and pursuant to § 19.2-305.1(F)(2) revoked the suspension of the original sentence imposed on January 12, 2021 and imposed the entirety of the remainder of the unserved portion of that sentence.

Upon motion by Wilson-Welch, the trial court stayed execution of its prior sentencing order and scheduled a rehearing to determine if it should set the order aside. Counsel for Wilson-Welch argued that revocation of his suspended sentence was not appropriate for three reasons. First, "restitution was not a condition" of Wilson-Welch's probation, and, therefore, the trial court erred by revoking his suspended sentence under Code § 19.2-305.1(F)(2). Instead, Wilson-Welch argued that § 19.2-358 controlled, which limits sentencing for failure to pay to 60 days. Counsel further argued that, even if the court could proceed under § 19.2-305.1(F)(2), additional process was required before the court could revoke his sentence because Wilson-Welch never received notice that his suspended sentence may be revoked and reimposed.

- 3 -

Finally, counsel argued that, assuming the court properly proceeded under § 19.2-358, no punishment was appropriate because the court was required to find that Wilson-Welch's "failure to pay was willful," and Wilson-Welch's nonpayment could not have been willful because he simply lacked the ability to pay.

The trial court ultimately denied the motion and reinstated its prior revocation order, imposing Wilson-Welch's entire three-year sentence. Wilson-Welch appealed, and we granted his unopposed motion to expedite review.

## STANDARD OF REVIEW

"On appeal from a revocation proceeding, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Medrano v. Commonwealth*, 60 Va. App. 190, 195 (2012) (quoting *Keselica v. Commonwealth*, 34 Va. App. 31, 35 (2000)). "[B]y definition," a trial court "abuses its discretion when it makes an error of law." *Coffman v. Commonwealth*, 67 Va. App. 163, 166 (2017) (quoting *Commonwealth v. Greer*, 63 Va. App. 561, 568 (2014)).

## ANALYSIS

On appeal, Wilson-Welch raises three assignments of error. First, he argues that the trial court erred by revoking the entirety of his suspended sentence under Code §§ 19.2-305.1(F)(2) and 19.2-306 because his restitution review hearing was governed by § 19.2-358, which limits a term of imprisonment for nonpayment of restitution to 60 days. Second, assuming arguendo that we disagree and find that the trial court was proceeding under § 19.2-306, the trial court nonetheless erred in revoking Wilson-Welch's suspended sentence because Wilson-Welch did not have sufficient notice. And, finally, assuming the opposite (that we agree with Wilson-Welch and find that trial court was proceeding under § 19.2-358), Wilson-Welch argues he should not have been punished at all because his failure to pay was not "intentional" or

- 4 -

"attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment." Code § 19.2-358(E).

Because we agree with Wilson-Welch that his restitution review hearing was governed by Code § 19.2-358, we hold that the trial court erred in revoking his suspended sentence. We therefore do not examine his second assignment of error. As to his third assignment, because the trial court improperly relied on § 19.2-305.1(F)(2) in its ruling, we remand for the court to conduct a new hearing to rule exclusively on whether Wilson-Welch violated § 19.2-358(E).

I. Because Wilson-Welch's restitution review hearing was governed by Code § 19.2-358, the trial court erred by revoking Wilson-Welch's suspended sentence.

There are several statutes that potentially govern a defendant's default in payment of restitution. In its order, the trial court stated that the "matter came on the [c]ourt's docket for restitution review pursuant to § 19.2-358" and that, "[a]fter conducting the restitution review hearing," the court "pursuant to § 19.2-305.1(F)(2) revoked the suspension of the original sentence imposed on January 12, 2021 and imposed the entirety of the remainder of the unserved portion of that sentence." The Commonwealth argues that the court properly revoked Wilson-Welch's suspended sentence under the authority of Code § 19.2-305.1(F)(2) and, alternatively, that the court had authority to directly revoke the sentence under § 19.2-306.

Code § 19.2-305.1(F)(1) governs the procedures for reviewing a defendant's compliance with a restitution order when a defendant is placed on "probation that includes a period of active supervision." Subsection (F)(2) governs the procedures for reviewing a defendant's compliance with a restitution order only when the defendant is "on probation that does not include a period of active supervision." In either event, for the statute to apply, a defendant must be on probation. Assuming that element is met, then, if a court later finds that a defendant is "not in compliance with the restitution order," the court has several options, including revoking the defendant's suspended sentence under § 19.2-306 or proceeding under § 19.2-358. Section 19.2-306 governs

- 5 -

a court's authority, "[s]ubject to the provisions of § 19.2-306.2," to revoke the suspension of a sentence "for any cause the court deems sufficient." Section 19.2-358 sets out the procedure for the failure to pay restitution and a court's authority to enforce a restitution order.

Here, we easily identify error in the trial court's reliance on Code § 19.2-305.1(F)(2) because Wilson-Welch was never placed on supervised or unsupervised probation as part of his original sentence. Thus, to the extent the court predicated its revocation order on § 19.2-305.1(F)(2), it erred as a matter of law and abused its discretion.

At oral argument, the Commonwealth seemed to concede that Code § 19.2-305.1 was inapplicable and instead suggested it was not "unreasonable" for the trial court to have dealt with Wilson-Welch's failure to pay restitution under the independent authority of § 19.2-306, which allows a court to revoke a suspended sentence for "any cause the court deems sufficient." *See Porter v. Commonwealth*, 65 Va. App. 467, 474 (2015) ("It is clear from a plain reading of the applicable statutes that compliance with a restitution plan may be enforceable through Code § 19.2-306, if incorporated into a sentencing order as a condition of a suspended sentence . . . ."). But a court "may not conduct a hearing to revoke the suspension of sentence unless the court issues process to notify the accused or to compel his appearance before the court within 90 days of receiving notice of the alleged violation." Code § 19.2-306(B). While a revocation proceeding "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply," *Morrissey v. Brewer*, 408 U.S. 471, 481 (1971), a defendant retains some due process protections.

> Even in a revocation hearing, . . . a defendant is entitled to the minimum requirements of due process including: 1) written notice; 2) disclosure of the evidence against the accused; 3) an opportunity to be heard and to present evidence and witnesses; 4) an opportunity to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing confrontation); 5) a "neutral and detached" hearing body; and 6) a

- 6 -

> written statement as to the evidence relied on and reasons for revoking probation.

*Saunders v. Commonwealth*, 62 Va. App. 793, 808 (2014) (quoting *Morrissey*, 408 U.S. at 489).

Wilson-Welch never received notice that he was accused of violating a condition of his suspended sentence. To the contrary, he was repeatedly given written notice that he would have a restitution review hearing under Code § 19.2-358. The final continuance order Wilson-Welch received from the court (continuing the restitution review to May 20, 2024) stated, "Continue to the following date: 5-20-24 for the following" with a checked box labeled "Other"; next to "Other," "Restitution Review" was handwritten on the form. Notably, there was another box on the form labeled "revocation hearing" that the court chose not to check—in effect, the order notified Wilson-Welch that he was *not* having a revocation hearing. Finally, we note the court did not interpret its own orders as giving notice of a revocation hearing. The final order stated that the hearing was for "restitution review" and purported to issue a sentence under Code § 19.2-305.1(F)(2). For these reasons, we reject the suggestion, raised for the first time at oral argument, that the trial court's sentence was proper under § 19.2-306.

The last question is whether the imposed punishment nonetheless complied with Code § 19.2-358. Section 19.2-358(D) provides that, "[w]hen an individual obligated to pay restitution defaults in the payment or any installment payment, the court . . . may proceed in accordance with the procedures set forth in subsection E." Subsection (E) provides that, if "the court finds that a defendant is not in compliance with a restitution order, the court may order the defendant confined as for a contempt for a term *not to exceed 60 days*." (Emphasis added). Nowhere does § 19.2-358 discuss revocation of a suspended sentence as a potential punishment for noncompliance with a restitution order.

Here, not only did the trial court revoke Wilson-Welch's suspended sentence, it "imposed the entirety of the remainder of the unserved portion"—three years—far in excess of the

statutorily prescribed limit.  Thus, the trial court made a clear error of law in imposing the punishment that it did for Wilson-Welch's nonpayment of restitution, and we reverse its judgment.

We turn next to Wilson-Welch's argument concerning the trial court's underlying factual findings.

II.  Because the trial court improperly relied on Code § 19.2-305.1(F)(2) in its ruling, the court must reexamine whether Wilson-Welch violated Code § 19.2-358(E).

Having established that Code § 19.2-358 governed Wilson-Welch's restitution review hearing, we turn next to his argument that his conduct was not a violation of that provision. Section 19.2-358(E) permits a trial court to order confinement for nonpayment of restitution "*unless* the defendant shows that his default was not attributable to an intentional refusal to obey the sentence of the court, *or* not attributable to a failure . . . to make a good faith effort to obtain the necessary funds for payment."  (Emphases added).

At the restitution review hearing, Wilson-Welch's testimony—which was uncontradicted and which the trial court took at "face value"—established that he worked two jobs and that, after child support garnishments and other withholding, his monthly take-home pay was just over $900.  Wilson-Welch testified that he could "barely survive" in his current financial situation because the $900 was insufficient to cover his rent alone, not to mention restitution and other expenses.  The record also established that Wilson-Welch had already made over $2,000 of payments since the January 2021 restitution order before he stopped.  Given this uncontradicted evidence, Wilson-Welch argues that the trial court lacked a basis to find that his failure to pay was "intentional" or that he had not made a "good faith effort to obtain the necessary funds." Code § 19.2-358(E).  Thus, he argues, the court erred by imposing any punishment under Code § 19.2-358(E).

We acknowledge as an initial matter that, although Wilson-Welch has already served roughly seven months' incarceration since the trial court's order, greater than the 60-day period allowable under Code § 19.2-358(E), his challenge to the trial court's factual findings remains a justiciable controversy. A ruling that Wilson-Welch violated § 19.2-358(E) would remain on his criminal record "as for a contempt," and, because he has yet to complete the remainder of his suspended sentence, it would result in prejudice to him at any subsequent restitution review or revocation proceedings. Thus, although he has already served longer than 60 days in incarceration, an erroneous finding that he violated § 19.2-358(E) would result in "continuing injury" to him. *Commonwealth v. Browne*, 303 Va. 90, 94 (2024); *cf. id.* (dismissing as moot when defendant "conceded" the underlying conduct and challenged only the imposed punishment, which he had "already served").

Turning to Wilson-Welch's argument, because the trial court improperly relied on Code § 19.2-305.1(F)(2) in its ruling, it is unclear from the record whether the court determined that Wilson-Welch's conduct violated § 19.2-358(E), specifically. In light of this ambiguity, and because the trial court, as factfinder, is in the best position to make that determination, we decline to address the merits of Wilson-Welch's argument ourselves. We instead remand for the court to conduct a new restitution review hearing to analyze specifically whether, consistent with § 19.2-358(E), Wilson-Welch's nonpayment "was not attributable to an intentional refusal to obey the sentence of the court, or not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment."[1]

---

[1] We emphasize that our holding that the trial court must reexamine these issues is without prejudice to Wilson-Welch. If the trial court does find that Wilson-Welch violated Code § 19.2-358(E), Wilson-Welch is entitled to credit for the time he has served during the pendency of this appeal. *See* Code § 53.1-187.

CONCLUSION

We hold that the trial court improperly relied on Code § 19.2-305.1(F)(2) and exceeded

its authority under Code § 19.2-358(E) in revoking Wilson-Welch's suspended sentence.  We

accordingly reverse the judgment of the trial court and remand for it to conduct a new restitution

review hearing.

*Reversed and remanded.*